# Knight v. Coleman.

*Bill in Equity for the Foreclosure of a Mortgage.*

1. *Married women; competency of married women over 18 and under 21 years of age to execute a mortgage.*—Under the statute, approved February 21, 1893, (Acts of 1892-93, p. 956; Code of 1896, § 2531), which provides that the marriage of a female who is over 18 and under 21 years of age shall have the effect at once of removing her disabilities of minority, and she shall have the same legal rights as a married woman over 21 years of age, a mortgage executed by a married woman, who, at the time was over 18 years of age, can not be declared void by reason of her minority, although at the time of her marriage she was under 18 years of age; and if, at the time of the execution of such mortgage she had been abandoned by her husband, such mortgage was valid under the provisions of the statute, (Code of 1886, § 2348; Code of 1896, § 2529).

2. *Evidence; mortgagor incompetent to testify to transactions with deceased mortgagee.*—On a bill filed by the administrator of a deceased mortgagee to foreclose a mortgage, the testimony of the mortgagor as to declarations made by and transactions had with the deceased mortgagee, prior to the execution of the mortgage, is incompetent and can not be considered for the purpose of assailing the consideration of the mortgage.

3. *Mortgage; sufficiency of consideration.*—On a bill filed to foreclose a mortgage, where the defense of the want of consideration is set up by the answer, if it is shown that the lot was purchased and a building erected thereon with money furnished to the mortgagor by the mortgagee, that the latter insured the mortgaged property for his own protection, and that the mortgagee referred to the money delivered to the mortgagor as a loan, a sufficient consideration is shown to uphold the mortgage, in the absence of competent evidence to the contrary.

APPEAL from the Chancery Court of Mobile.

Tried before the Hon. WILLIAM H. TAYLOE.

This bill was filed June 29, 1896, to foreclose a mortgage executed by the defendant on April 4, 1893. The bill avers that complainant is the administrator of A. G. Smith, deceased, who died intestate on April 19, 1896; that letters of administration were granted to complainant by the probate court of Mobile county on June 10, 1896; that there came into complainant's possession as

part of the assets of said estate a mortgage, bearing date April 4, 1893, signed by Elvira Coleman, wherein she mortgaged to said Smith, to secure a note for $1,000 of even date therewith, certain lands described therein, which note and mortgage are attached as exhibits to the bill, and that said note is now long since past due and is still unpaid. The note reads: "Mobile, Ala., April 4, 1893. One year after date I promise to pay to A. G. Smith or order the sum of one thousand dollars, with interest at six per cent per annum from date. Elvira Coleman." The mortgage recites: "Whereas, the said A. G. Smith has on the day of the date of this instrument loaned the said party of the first part the sum of one thousand dollars, payable one year after this conveyance, with interest at the rate of six per cent. per annum from the date hereof, as evidenced by a promissory note drawn by the said party of the first part and payable to the said party of the second part or order, for the sum of $1,000 with interest at six per cent., &c. Now, if the party of the first part shall well and truly pay the party of the second part said sum of money mentioned in said promissory note at maturity," &c., &c.

The defendant in her answer set up three defenses to the maintenance of the bill. The first, want of consideration; second, coverture, and third, infancy. The other facts of the case are sufficiently stated in the opinion.

In the deposition of the defendant, she testified to certain declarations and transactions had between her and the complainant's intestate, which led up to the execution of the mortgage which is sought to be foreclosed. Motion was made by complainant to exclude such portions of the defendant's testimony.

Upon the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for. From this decree the complainant appeals, and assigns the rendition thereof as error.

R. T. ERVIN, for appellant.—By the acts of the legislature the disabilities of minority of the defendant were removed.—Acts of 1892-93, p. 956. The statements of the defendant as to transactions had with the mortgagee were not admissible in evidence.—Code of 1896, § 2765.

L. H. & E. W. FAITH, *contra.*—The act approved February 21, 1893, does not by its language show a clear and plain intent to declare that all married women in this State over the age of 18 years and under 21 years of age are thereby relieved of the disabilities of minority. But the plain intent of the act is that any female over the age of 18 and under 21 years of age who may thereafter marry in this State shall by virtue of such marriage be at once relieved, etc. Appellee married before she was 18 years old, and was married in the State of Mississippi before the passage of this act, therefore she does not come within the purview of the act, and her disabilities of minority were not removed.—*Wharten v. Mathews*, 80 Ala. 429; *Wetzer v. Kelly & Co.* 83 Ala. 440; *B'h'm. T. & S. Co. v. East Lake Co.*, 101 Ala. 307; *New Eng. Mort. Co. v. Board of Revenue*, 81 Ala. 111; *Englehardt v. State*, 88 Ala. 1 00; Wade on Retroactive Laws, §§ 34, 35, 36.

COLEMAN, J.—The appellant, as the administrator of A. G. Smith, filed his bill in the chancery court, for the foreclosure of a mortgage averred to have been executed by appellee to complainant's intestate. The respondent rested her defense upon two grounds : First, that she was a married woman, and a minor at the time of the signing of the mortgage ; and second, that there was no consideration for the mortgage. Upon the question of minority the evidence is conflicting, and we can not say that respondent has reasonably established her minority at the time of the execution of the mortgage. We are of opinion, however, that this question may be disposed of without reference to the controverted fact. Though under eighteen years of age when married, she was about twenty years of age at the time of the execution of the mortgage. It is also clear that her husband had several years prior to that time abandoned her. Code of 1886, § 2348.

On February 21st, 1893, prior to the execution of the mortgage, it was enacted as follows : "That the marriage of any female in this State, under twenty-one years of age and over the age of eighteen years, shall have effect at once to remove all her disabilities of minority, and she shall have the same legal rights and abilities that married women have over twenty-one years of age."

[Knight v. Coleman.]

Appellee's contention is, that the act only operates upon such women as may marry after they have attained the age of eighteen, and if married before that age, their disabilities continue throughout minority. The act is remedial in its nature and should be construed to effect the manifest purpose of the legislature. The purpose of the legislature was not to discriminate between women married under eighteen years of age and those marrying after they had attained the age of eighteen. The discrimination was against the acts and contracts of married women, done or entered into before and after they became eighteen years of age. The disabilities of minority are removed by the statute as to contracts made by a married woman after she had attained to such age. Any other construction would be unreasonable.

The testimony of the respondent as to statements and declarations of A. G. Smith, deceased, were illegal and incompetent. The only testimony assailing the consideration of the mortgage, is that of the declarations of the deceased, and it is of such a character as not to be entitled to much consideration.

It is evident that the lot was purchased and the building constructed with money furnished by the mortgagee, and the mortgage refers to the consideration as *a loan*. The mortgagee also insured the property for his own protection. We are of opinion the complainant was entitled to a decree of foreclosure, and a decree to that effect will be here rendered. The cause will be remanded, for a reference to the register to ascertain and report the amount due on the mortgage, and for an order of sale, if such order becomes necessary.

Reversed, rendered and remanded.