# Hays v. Bowdoin, et al.

## Contest of Will.

(Decided Feb. 18, 1909.   Rehearing denied April 6, 1909.
49 South. 122.)

1. *Infant; Disabilities; Effect of Marriage.*—The marriage in Alabama of a woman between the ages of eighteen and twenty-one years removes her disability of non-age, and her subsequent removal to another state, where marriage does not have that effect, does not incapacitate her to sue in Alabama.   (Section 4499, Code 1907.)

2. *Same; Necessity for Guardian or Next Friend.*—A married woman under the age of eighteen years who has no guardian should sue by next friend.   (Section 2476, Code 1907.)

3. *Wills; Action to Set Aside; Parties.*—Heirs of a testator are proper parties to an action to contest and set aside a will, though they take nothing under the will, since if the will be set aside, they become distributees; but the mere fact that all the heirs are not joined as parties complainant in an action to set aside the will does not affect the right of some of the heirs to maintain the bill, and where no relief is prayed against minor children of testator in an action to set aside the will, it is not material to the maintenance of the bill that they are made parties defendant instead or complainants.

4. *Same; Validity; Grounds of Contest.*—A contestant is not confined to any single ground of contest but may allege any or all grounds mentioned in the statute which goes to the invalidity of the instrument.

5. *Same; Consistency of Grounds.*—The allegation that the testator was of unsound mind is not inconsistent with the allegation that the will was procured by undue influence.

6. *Same; Pleading; Demurrer.*—The relief to be awarded is to be determined on the final hearing and cannot properly be raised by demurrer to the bill to set aside the will.

[Hays v. Bowdoin, et al.]

7. *Parties; Objections as to Parties; By Whom Made.*—The right of the minor heirs to be made parties complainant instead of respondent in an action to set aside their testator's will, is personal to them and the objection that they should have been made complainants cannot be raised by a co-defendant.

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Nettie Kate Bowdoin and another against Sarah Hays and others to set aside and annul the probate of a will and to contest the same. From a judgment for complainant, the defendant Sarah Hays appeals. Affirmed.

HOUSTON & POWELL, and SAMFORD & DUKE, for appellant. The bill is filed under section 4298 and 4299, Code 1896. The 1st, 2nd and 3rd grounds of demurrer should have been sustained.—*Knight v. Coleman,* 117 Ala. 266. The 6th and 7th grounds of demurrer should have been sustained.—*Berney v. Torrey,* 100 Ala. 157. On the same authority the 8th and 9th grounds of demurrer should have been sustained.

R. B. BARNES, for appellee. Nettie Bowdoin could sue in her own name although she was a non-resident.— *Knight v. Coleman,* 117 Ala. 226; Secs. 2527, 2531 and 2532, Code 1896. Only parties improperly joined can take advantage of a misjoinder.—3 Mayf. Dig. 260. The 6th and 7th grounds of demurrer were properly overruled.—Sec. 4287, Code 1896; *Moore v. Heineke,* 119 Ala. 627; *Corpening & Co. v. Worthington,* 99 Ala. 544; *Bowling v. McKenzie,* 89 Ala. 476; *Lyons v. Campbell,* 88 Ala. 462. On the above authorities the other grounds of demurrer were properly overruled.

MAYFIELD, J.—This was a bill filed in the chancery court of Lee county to contest the will of T. T. McCoy,

made on June 19, 1905, which was probated in the pro-
bate court of Lee county on the 11th day of December,
1905. The bill was filed by Nettie Kate Bowdoin, a mar-
ried woman over the age of 18 years, who at the time of
the filing of the bill, resided in the state of Georgia,
but who was married in the state of Alabama after she
had attained the age of 18 years, and by Rosa J. Bealle,
a married woman under the age of 18 years, who sued
by her next friend, Albert H. Bealle. The bill was filed
against Sarah Hays (who was formerly Sarah McCoy),
the wife of the testator, over 21 years of age and residing
in Lee county, Ala., and against Millard Frank McCoy,
William Tillman McCoy, and Theophilus McCoy, min-
ors, residing with their mother, Sarah McCoy, in Lee
county; that is to say, the bill was filed by two of the
children of testator against the wife and other children
of the testator.

The respondent Sarah McCoy, who subsequently mar-
ried one Hays (and who will be hereafter referred to
as Sarah Hays), demurred to the bill, assigning as
grounds, first, that Nettie Kate Bowdoin was a non-res-
ident and under the age of 21 years; second, that the
said Nettie Kate Bowdoin could not join as a complain-
ant in her own name; third, that she was not a proper
party plaintiff; fourth, that the minor children, Millard
Frank, William Tillman, and Theophilus McCoy, were
not proper parties respondent, because not beneficiaries
under the will; fifth, inconsistency of averments in the
bill, in that it is averred that the testator was of un-
sound mind, and, further, that undue influence was ex-
erted upon the testatoor to make the will; sixth, insuffi-
ciency of averment to show testamentary incapacity, or
to show that the will was procured by fraud or undue in-
fluence. Respondent also demurred to that part of the
prayer of the bill which asked that the estate of the tes-

tator be divided according to the laws of Alabama, and, further, because both complainants were infants and could not maintain the present bill, either in their own name or by next friend. The case was submitted for decree upon demurrer, and, after its being duly argued and considered by the court, it was the order, judgment, and decree of the court that the demurrers were not well taken, and they were therefore overruled, from which judgment and decree this appeal is taken, with a summons and severance, and separate assignments of error by Sarah Hays alone.

We are unable to find any error in the decree of the chancellor overruling these demurrers. The bill was properly filed by these complainants under our statute, and it was also properly filed against the respondents. Though one of the complainants was under 21 years of age, the bill avers that she was married in the state of Alabama after attaining the age of 18 years. Under our statute this had the effect to remove her disabilities of nonage, and her removal to Georgia thereafter could not have the effect to make her a minor again, so far as the laws of Alabama are concerned. Consequently the bill was properly filed by her in her own proper name. The other complainant was a minor, though a married woman under the age of 18 years, and the bill was therefore properly filed in her behalf by her next friend. Section 2476 of the present Code of 1907 (section 17, Code of 1896) provides that infants not having guardians must sue by next friend, and must be defended by a guardian of the appointment of the court. Under section 2531 of the Code of 1896 (section 4499 of the present Code of 1907) the marriage of a woman over the age of 18, or the attainment by a married woman to the age of 18 years, has the effect to remove the disabilities of minority; and section 2527 of the Code of 1896 (section

[Hays v. Bowdoin, et al.]

4493 of the present Code of 1907) provides that a married woman must sue alone, as if she were sole, except as to certain actions, of which this is not one. These statutes are remedial in their nature, and should be construed to effect the purpose of the Legislature.—*Knight v. Coleman*, 117 Ala. 266, 22 South. 974.

While no relief is sought by the bill against the minor respondents, and while it is true they take nothing under the will, yet the bill is to set aside the probate of the will and to annul the will, which, if done, would leave the testator intestate and, as a consequence, leave the complainants and respondents sole heirs and distributees of the deceased father and husband respectively. In other words, they are the parties interested in this contest, and for that reason are proper parties; and under sections 4298 and 4299 of the Code of 1896 the complainants clearly had the right to come into a court of chancery for the purpose of contesting the probate of the alleged will, and the mere fact that all of the heirs or distributees did not or could not join as parties complainant does not affect the right of the complainants to maintain the bill under the statute, and the question of the extent and character of their relief is one to be determined by a final decree. All of the children of the testator, but for the will, would have been heirs and distributees of his estate, and if he had died intestate his widow would have been interested in his estate, or if the will, which passed to her all his property, should be set aside, she would be interested. Consequently all of the parties interested are before the court, and they are therefore proper parties.

In a court of chancery, unlike a court of law, if all of the parties interested in the subject-matter are before the court, it is often immaterial whether they are before the court in the capacity of complainants or in that of

[Hays v. Bowdoin, et al.]

respondents. All remedy and relief to which they may appear entitled can be afforded, whether they appear as complainants or as respondents. The minor children who are made respondents could have been made complainants, as no relief is asked against them. It does not appear that they would be injured by any decree of the court which could be rendered, but, on the contrary, that they might be benefited if the relief prayed should be granted. Yet it is not necessary that they be made complainants, but only that they be made parties. Probably they were not willing to join as complainants, which would not be sufficient to bar or prevent the right of the complainants to file the bill and to make them respondents. They can yet have themselves made complainants if they so desire. Nor can their co-respondent complain or object that they are improperly made parties respondent. This is a defense purely personal to them, to be made for them by their guardian ad litem when appointed by the court.

On the contest of a will, the party contesting is not confined to any single ground of contest, but may allege any ground which goes to the invalidity of the alleged will as a ground of contest. He may allege any or all of the grounds mentioned in the statute.—Section 4287 of the Code of 1896. There is no force in the objection that the bill alleges that the testator was of unsound mind at the time of the alleged execution of the will, and that the execution of the will was procured by undue influence of the beneficiary upon the testator. Either ground of the contest is good, and the two are not necessarily inconsistent. We think the averments of the bill, as to grounds of contest, are sufficiently certain, and that there is no inconsistency or repugnancy between the averments, and that the question as to the relief to be awarded, if any, upon a final determination of the suit, is one to be determined by a final

[Chambers v. Morris.]

decree, and not one properly raised by demurrer to the bill.

Many of the questions by the appellant raised on this appeal were decided by this court in the recent case of *Ellis v. Crawson,* 147 Ala. 294, 41 South. 942, and upon the authority of that case and that of the statutes heretofore referred to, for the reasons set forth in this opinion, the decree of the chancellor must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.