# Bell v. Burkhalter, et al.

## Bill to Declare Deed Void and to Remove as Cloud on Title.

(Decided May 13, 1913.    Rehearing denied June 19, 1913.
62 South. 786.)

1. *Equity; Pleading; Bill.*—While rule 10 of Chancery Practice provides that bills shall not contain blanks a bill will not be stricken because the year of the death of the predecessor in title of complainants was left blank; the bill showing that the exact date of her death was immaterial.

2. *Infants; Right to Maintain Action; Waiver of Objection.*— Where the action was instituted in the name of the infant without the intervention of a guardian or next friend, and pending the litigation, the infant arrived at the age of majority and thereafter, by his conduct in the cause, manifests an adoption or ratification of the action so commenced, the objection cannot be made that he was an infant when the action was begun.

3. *Same; Married Women; Disabilities.*—Under the provisions of section 4499, Code 1907, an allegation that an infant plaintiff at the age of eighteen years was married in this state, sufficiently shows her right to maintain the action without the interposition of a guardian or next friend.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Judy Burkhalter and others against A. E. Bell, to declare a deed void and for removal as cloud on title. For a further statement of the bill see *Bell v. Burkhalter,* 176 Ala. 62; 57 South. 460. From a decree for complainant, respondent appeals. Affirmed.

JONES & PERSONS, for appellant. The bill contained a blank and the motion to strike should have been granted.—Rule 10, Ch. Ct. Pr. The respondent's demurrer to the amended bill of complaint should have been overruled—*Tillman v. Thomas,* 87 Ala. 321; Sec. 4499, Code 1907; *Hays v. Bowdoin,* 159 Ala. 600.

D. D. PATTON, and JOHN S. STONE, for appellee. The averments of the bill show that complainants are the heirs at law of their predecessors in title, and that the date of the death of their predecessors is immaterial. Hence, although rule 10 provides that bills shall not contain blanks, the reason of the rule does not require a dismissal of the bill. The infancy of complainant must be specially pleaded, but in view of the fact that after attaining her majority, complainant ratified the filing of the bill, and prosecuted the case, was a sufficient answer to the fact of minority. In any event, it must be pleaded in abatement, and is not a defense in bar of the action.—*Howland v. Wallace,* 81 Ala. 238; *Thompson v. Gray,* 84 Ala. 559; *Griffith v. Ventress,* 91 Ala. 366; *Hibble v. Sproull,* 71 Ala. 50.

McCLELLAN, J.—The statement of and consideration given this cause on former appeal may be found in 57 South. 460. The applicable substantive law sustaining the complainant's right will not be reiterated. After the return of the cause to the court below the bill was amended by the incorporation therein of averments leading to the partition of the land or its sale for division. Demurrers were sustained to the bill as it then stood. Subsequently the bill was amended by the substitution of the present bill, which is, as at first and as stated in 176 Ala. 62, 57 South. 460, a bill to cancel certain conveyances, restrain waste, and effect an accounting for timber cut by respondent (appellant) from the lands described.

In reliance upon rule 10 of chancery practice, the respondent moved to strike the bill because it contained a blank. The "blank" consists in this: In averring the death of Elvira Brown, whose heirs at law complainants are (among others), it is alleged she "died in, to-

[Bell v. Burkhalter, et al.]

wit, the year 190——." In view of the averments of the whole substituted bill, its nature and objects, the allegation of the exact year of her death was not important, indeed was immaterial. While pleading should not, as rule 10 contemplates, contain blanks, and solicitors should avoid them in every instance, we do not think the rule intends that an omission of the immaterial character here present should draw upon the bill the entirely disproportionate penalty of striking the bill from the file. The chancellor denied the motion; and, under the circumstances indicated, his conclusion will not be disturbed.

Among the complainants is Lutera Brown. In the substituted bill, following exactly this feature of the original bill, these averments occur: "That Lutera Brown became 18 years of age on the 25th day of March, 1908, and was married some time prior to that time and now resides with her husband near Tupelo, Lee county, Miss." The original bill was filed August 11, 1908. The substituted bill was allowed and filed July 29, 1912. It thus appears, as a necessary result from the age of Lutera Brown expressly averred in the substituted bill, that she became 21 years of age on March 28, 1911, being 18 on that day in the year 1908. The demurrer to the substituted bill was filed September 10, 1912, more than a year after Lutera Brown had become 21 years of age.

Where an action is instituted in the name of an infant, without the intervention of a guardian or next friend, and pending the litigation the infant attains his majority and thereafter manifests by his conduct in the cause, even through an attorney, an adoption or ratification of the action so erroneously commenced, the subsequent objection that he was an infant when the action was instituted cannot avail the objector. In such cir-

cumstances the objector must allege and prove, to abate the action so erroneously originally commenced, that the party, subject to disability when the action was commenced, has *not* adopted and ratified such commencement of the action.—*Germain v. Sheehan,* 25 Minn. 338; 14 Ency. Pl. & Pr. pp. 1000, 1001; 22 Cyc. pp. 671, 672. Accordingly these grounds of the demurrer objecting to the *substituted* bill on account of Lutera Brown's infancy were not apt and were properly overruled.

If the allegation of the original, or the substituted, bill had been that Lutera's marriage was solemnized in *this state,* Code, § 4499, wherein the attainment by a then married woman of the age of 18 years is made effective to bestow upon her all the legal rights of a married woman over 21 years of age, would have been perfectly complied with in this pleading.—*Hayes v. Bowdoin,* 159 Ala. 600, 49 South. 122.

The matters treated are the only ones given particular discussion in brief of solicitors for appellant. The bill, in its substance, has equity, and in common with the chancellor we think it is without defect.

The decree is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.