DOWNEY, et v DAYTON FEDERATION, et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1437. Decided Nov 13, 1936

Arthur J. Krause, Dayton, for plaintiffs and appellee.

Herbert D. Mills, Dayton, for Miami Savings & Loan Company.

Carroll Sprigg, Dayton, Harry N. Rout-

144

zohn, Dayton, and Henry L. Biegl, Dayton, for appellants.

**OPINION**

**By THE COURT:**

Appeal is here prosecuted on a question of law. The matter was presented to the trial court upon the motion of Albert A. Horstman, surviving receiver of the Dayton Federation Company, The Federation Realty Company and The Dayton National Holding Company, for formal confirmation or disapproval of Receiver's Reports theretofore filed and upon the further motion of the same receiver for an order of the court approving certain entries nunc pro tunc.

The facts necessary to a determination of the question involved are as follows: Albert A. Horstman and John C. Baggott were appointed receivers of the above named companies by the Hon. Robert C. Patterson, then Judge of the Common Pleas Court of Montgomery County, Ohio, on April 1, 1931; Judge Patterson retired from the bench on July 1, 1935; on March 27, 1933, the receivers filed their first report; on Sept. 13, 1934, a second report was filed; on Sept. 13, 1934, a third report was filed; on June 29, 1935 a report, probably erroneously designated as fifth report, was filed; none of these reports, although they carried items of disbursements for salaries as receivers and operating expenses, was formally approved by Judge Patterson; Judge Patterson was succeeded on the bench by Hon. Robert U. Martin, and further proceedings in connection with the Receivership were handled by him. At the hearing Judge Patterson was called as a witness and he testified that he had orally fixed the salary of Mr. Baggott at $100.00 per week and of Mr. Horstman at $50.00 per week; that thereafter the former salary was reduced to $75.00 per week and the latter to $37.50 per week; that no attorneys or counsel were appointed for the receivers in the first instance but that the receivers freely consulted the court, the thought of the Judge being that the receivership would be conducted as econ-

omically as possible; that on April 4, 1935, by writing addressed to the receivers, by Judge Patterson, they had been authorized to credit Mr. Baggott with the amount of $6500.00 to cover his salary from Feb. 17, 1934 to June 30, 1935; that when the various receivers' reports were submitted they were first handed to Judge Patterson, by him checked and analyzed and then by him filed with the Clerk after being satisfied that they were in proper form; that they were not formally approved because of the rush of matters in the last month of his service as Common Pleas Judge.

The trial court in its order made a finding against John Baggott, who was then deceased, as follows: Special account $1926.29; real estate commission $2700.00; salary account $4446.43; total $9072.72. The item of the special account aggregating $1926.29 covered expenditures made from August 20, 1931 to April 2, 1934 and was included in the first three reports filed by the receivers those reports covering the period from April 1, 1931 to June 30, 1934. The sum of $200.00 out of the $2700.00 real estate commission item was paid September 22, 1931 and it was necessarily included in one of the first three reports. The balance of this item appears from the evidence to have been a portion of a total real estate commission of $5000.00 authorized by the Court to be paid to Robert J. Hickey. The receipt of Mr. Hickey for the full amount of $5000.00 was introduced in evidence, and his testimony as a witness was to the effect that the $2500.00 which had been drawn by Mr. Baggott was a loan by him to Baggott, although in reality the payment of the commission should first have been made by the receiver to the witness. The item of salary in the sum of $4446.43 was covered by the oral order of Judge Patterson when he fixed the original salary or when he ordered the payment of the $6500.00 in salary on April 4, 1935. The trial court, in addition to making a total finding of $9072.72 against the receiver, Baggott, made a similar finding against his co-receiver, Horstman.

After the testimony was introduced, counsel for the receiver, Horstman, submitted to the court certain nunc pro tunc entries which would embody in writing the oral findings and orders of Judge Patterson. The trial court refused to approve these entries and made the findings as hereinabove set forth. It is from this order that appeal is taken.

It is a well settled principle of law that a court has the inherent power to cause

its records to speak the truth. A court may correct or amend an entry in conformity with the actual facts or it may provide an entry in writing which embodies an order theretofore orally made by it. Nunc pro tunc entries may always be furnished for the purpose of journalizing an order which was made, and especially is this true when such an entry should be provided so as to prevent injustice. 27 **Ohio Jur**, 776, §25. In Ohio, it seems to be the rule that it is not necessary that the previous order of the court be noted upon its trial docket. It is rather the rule that the court may prepare and file its nunc pro tunc entry from its own recollection of what took place or from extraneous evidence submitted by those persons who knew the facts. The Court of Appeals of the Ninth District in the case of **Ruby v Wolf, 39 Oh Ap, 144; 10 Abs 79**, says—

"It is likewise settled that an order nunc pro tunc can not be granted upon mere guess, but must be grounded on personal recollections of the court, or upon records or minutes or the testimony of witnesses having knowledge thereof."

It is our judgment that the above statement gives the correct rule and that no court should permit an injustice to be done if it is possible to make amends based upon some action that has in fact been taken.

It is also our view that a court should at all times exert every effort to make its written record follow its oral finding. Accordingly, if the written order has not been furnished through inadvertence, the same should be prepared and filed in accord with the facts. There is no question in our minds but that Judge Patterson at any time during his tenure of office could have prepared and filed entries nunc pro tunc fixing the compensation of these receivers in accord with his oral authorization and that he could have prepared and filed entries approving the various reports of the receivers which he had examined and approved by filing the same. If Judge Patterson could have made such orders while in office, then his successor could make similar orders. Although the personnel of the courts change the courts themselves continue. It is our view that it was the duty of the successor on the bench to complete the work which had not been completed by Judge Patterson, that he had all the powers with which Judge Patterson was invested, and that in justice to all the parties interested in the instant proceeding he should have carried into effect by nunc pro tunc entry all of the oral orders made by Judge Patterson in the case. Of course, the court could not be expected to make an order in writing at this time which did not clearly appear to have been heretofore orally made. Judge Martin knew nothing of the former orders of his predecessor except as the same came to him by the evidence introduced in this proceeding. An examination of that evidence discloses that there is no controversy between any of the witnesses concerning what had previously taken place in connection with the receivership. Judge Patterson testifies in detail concerning what he had done in the premises. Corroboration is furnished by Mr. Horstman and by Henry J. Beigel, attorney, in various particulars. No one disputes any of the testimony. It likewise appears that the sum total claimed by the receivers for fees for services rendered and the amount orally allowed by Judge Patterson was less than the amount which could have been allowed them upon the schedule of fees fixed by the Common Pleas Judge in such cases. It is our conclusion from the testimony and the evidence that all of the findings which were made by the trial court against the deceased receiver, Baggott, were improper because the Common Pleas Court, speaking through a former Judge, had authorized and approved some of the expenditures and had orally approved the others as they appeared in the various reports which had been filed. Since former approval had been given by the court to the various expenditures it was the duty of the court at the trial to approve and file the several nunc pro tunc entries which were submitted to it. With the approval of these entries no finding could be made against either Mr. Baggott or Mr. Horstman. The judgment of the trial court is, therefore, not sustained by any evidence and its finding should have been one approving the reports as filed and ordering the approval and filing of the proposed nunc pro tunc entries. Coming now to render the judgment which the lower court should have rendered, it is ordered that the nunc pro tunc entries offered and proposed by the surviving receiver be and they are hereby severally approved and the Clerk is ordered to file the same as of the respective dates appearing therein and the reports of the receivers designated as the

first, second, third and fifth report are approved and confirmed. The allowance made to Horstman is approved, no question being raised thereon. Exceptions are saved.

BARNES, PJ., HORNBECK and BODEY, JJ., concur.

## ON APPLICATION FOR REHEARING

Decided Dec 18, 1936

By THE COURT:

Submitted on application for rehearing consisting of two grounds: First: That the decision of the Court is contrary to the facts contained in the evidence adduced in the lower court. Second: That the decision of the court is contrary to the law applicable to the facts in evidence.

We have carefully read and considered the application and the argument of counsel submitted therewith, together with the memorandum of counsel for the receivers. We find no good reason to change our position as set forth in the original opinion, nor does the application in our judgment require any more extended statement of the reasons for our former determination. The application will be overruled.

BARNES and HORNBECK, JJ., concuring.