**SHROYER, Plaintiff-Appellant, v. SHROYER et, Defendants-Appellants, BAGGOTT, Trustee, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2095. Decided April 4, 1950.

Herbert M. Eikenbary, Dayton, for plaintiff-appellant.
Hollencamp & Hollencamp, Dayton, for defendants-appellants.
William T. Pollak, Dayton, for James C. Baggott, Trustee.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment of the Probate Court. By agreement of counsel it is to be considered and decided by two members of the Court.

Separate briefs are filed by appellants in one of which three errors are assigned; the judgment is contrary to law, against the manifest weight of the evidence, and other errors appearing in the record. We may not consider the claim that the judgment is against the weight of the evidence because we have no bill of exceptions.

The question here presented by one of the appellants is a matter of law. The issue on which the final judgment entry was predicated was decided in a written opinion by Judge Wiseman during his term of office as Probate Judge. Before the decision was journalized Judge Love succeeded Judge Wiseman and the matter came on on motion to journalize the written opinion. The successor judge refused to take this step, although he entered judgment which was in accord with the conclusion reached in the written opinion. The entry, however, was not approved and spread on the record until after the court had, upon his own investigation of the same subject matter which was before the predecessor judge, and upon the law, reached his own separate conclusion. The processes by which the trial judge determined what the final judgment should be are succinctly and completely set out in the fourth paragraph of the judgment entry. In our opinion, it correctly analyzes the responsibility and authority of the Probate Judge in the situation presented and conforms to the provisions of §10501-8 GC and is in accord with the cases in Ohio on the subject if taken under that section, although it

may be doubted if the section was invoked at all in the judgment under review. **Downey v. Dayton Federation, 23 Abs 143; Egbert v. Leiser, 67 Oh Ap 350.**

It is urged by appellant that the court erred in not considering and weighing evidence but it does not appear that any evidence was proffered and we cannot say that counsel having elected to submit the matter without testimony the court had no power to decide the question upon that which was before it, namely, the pleadings, including the last will and testament which was before the court for construction.

In the brief of other appellants it is urged that the correctness of the action of the court construing the will is questioned having been taken "upon the motion of James C. Baggott as Trustee in bankruptcy, when in truth and fact, James C. Baggott was made defendant in his individual capacity." We think this claim is without merit because it is obvious from the final entry made by the successor judge that it was made on his own motion and not in accord with the request of Baggott, as Trustee in bankruptcy or individually. It would be immaterial as to the source of the suggestion that the court journalize an entry responsive to the issues drawn on the pleadings.

It is said that "the defendant, Phyllis Jean Shroyer Fenner, was either served prior to the date of her birth or if said defendant's birth is mis-stated, said defendant reached majority prior to the rendition of the judgment in this cause, in which case, William P. Lauterbach, guardian ad litem, can no longer represent said defendant." It does not appear that counsel who urges this error represented Phyllis Fenner in the trial court or represents her here and therefore may not urge the question. Nor does it appear that Phyllis Fenner objected in the trial court or objects here to the judgment. If she was properly served as a minor when the action was instituted and represented by a guardian ad litem in the trial court even though she became of age during the pendency of the action her coming to majority would not abate the action. **Lake Shore & M. S. R. Co. v. Hutchins, 37 Oh St 282, Gard v. Neff, 39 Oh St 607.**

Objection is urged to the failure in the trial court to notify defendants Signa Irvin, Phyllis Fenner, a minor, or her guardian ad litem, or Phyllis Jean Shroyer Fenner, as an adult, of a hearing on the application to journalize the decision of the predecessor judge. There is an affidavit of William T. Pollak in the files to the effect that Signa Irvin, among other defendants, was served by registered mail with notice of the motion to journalize the decision and of a hearing on said

motion on the 11th day of May, 1949. Accompanying the affidavit are return receipts, one of which is signed by Phyllis Fenner and another signed by Signa Irvin. The court finds in the journal entry that all parties were notified of the hearing. While, of course, no court would intentionally fail to notify parties of hearings, we doubt if a failure to do so, assuming that proper service was had upon all necessary parties at the beginning of the action, would affect a judgment entered pursuant to §10501-8 GC.

It is said that the court did not have the full will of decedent before it. It is true that it is not among the papers, nor can we say that the copy in the files is a true and correct copy of the will. However, it must be presumed that the trial judge had the original will available to him as it had been probated and was a part of the records of the court.

Finally, the one question of substance on this appeal is presented, viz; the interest, if any, taken by the grand-children of testator in four parcels of real estate, by the applicable provision of the will, viz; Item 3.

"Item 3. After the death of my wife, I give and devise to my four children * * * the following real estate; to Harry Shroyer, (certain described real estate); to Roy Shroyer, (described real estate); to Sidney Glasgow, (described real estate); to David Shroyer, (described real estate) * * *. All said children to have the use and income therefrom so long as they live, and at their death the same is to descend to my heirs the same as though I had died intestate. I give and bequeath the remainder of my property to my four children above named, and in the event of the death of either of them, leaving a child or children surviving, then such child or children shall receive the share such parent would have received had he or she survived my wife."

Appellants claim that the grand-children "each have a vested contingent interest in the real estate of the testator and each had and have a vested interest in all the real estate remaining."

It was admitted that at the time the will was construed, the widow was dead and that all of testator's children mentioned in Item 3 were living at his death and at the death of their mother, widow of testator.

The court held that each child of the testator took a vested interest in remainder and the income for life from the one piece of real estate described and following his name in the will; that upon the death of each child the heirs of the testator came into full enjoyment of the fee simple title to the

real estate in which the child had a remainder for life and that the grand-children took no interest in the property described in the will.

This construction as affects the grand-children, in our judgment, is correct. The contingency upon which the grand-children would share in the residuary estate did not occur; viz; the death of one or more of the children of testator before the death of the widow of testator.

We find no error in this record which is prejudicial to any material right of the appellants.

Judgment will be affirmed.

MILLER, PJ, concurs.
WISEMAN, J, not participating.