LYONS, Justice.
Brandy Lynn Pope was injured on November 29, 1997, when an automobile in which she was a passenger collided with *84 another automobile. Nathan Flippo was driving the automobile in which Pope was riding. Eric Exum was driving another vehicle in the area at the time of the collision; Pope alleges that Exum caused the accident. At the time of the accident, Pope was a minor. Her father, Michael Cline, filed an action on Pope’s behalf pursuant to Rule 17(c), Ala. R. Civ. P., styled “Michael Cline, on behalf of himself and as father and next friend of Brandy Lynn Pope, a minor, v. Nathan Flippo, Eric Exum, American States Insurance Company, [and fictitiously named defendants].” Cline asserted claims of negligence and wantonness against Flippo and Exum. He also demanded uninsured/underinsured motorist benefits from American States Insurance Company.
On June 11,1998, while Cline’s action on her behalf was pending, Pope reached the age of majority in Alabama, 19 years. See § 26-1-1, Ala.Code 1975. Thereafter, on July 1, 1998, the trial court granted a motion filed by Cline’s attorneys requesting permission to withdraw from the case. At that time, the trial court entered a handwritten notation on the case action summary that stated: “Plaintiff has 45 days to secure the services of an attorney or case will be dismissed for lack of prosecution.” The case action summary states that Cline and Pope were notified of the order, but the case action summary does not indicate that Cline or Pope responded to the order. On September 22, 1998, on motion of American States, the trial court dismissed the action with prejudice for failure to prosecute. The case action summary states that Cline was notified of that order, at the address listed on the case action summary as Cline’s mailing address — a street address in Louisville, Kentucky.
On November 24, 1999, Pope filed an action in her own name against Flippo, Exum, and American States.[1] Pope’s 1999 action contained identical claims for relief against the same parties as those asserted in Cline’s 1998 action. Flippo filed a motion for a summary, judgment and Exum filed a motion to dismiss, both raising the doctrine of res judicata as a defense. Pope responded to those motions with an affidavit in which she testified that she was not notified of the court’s order requiring her to obtain an attorney within 45 days after her father’s attorneys were allowed to withdraw or of the subsequent order of dismissal. She further testified that she learned that the 1998 action had been dismissed when she sought advice from her present attorney. The trial court did not rule on either of those motions.
Exum then filed a motion for a summary judgment and Flippo filed a second motion for a summary judgment, both arguing that the 1999 action was barred by the doctrine of res judicata. Flippo also argued that Pope, as a guest in the vehicle he was driving, could not recover against him for negligence and that, under the undisputed facts of the case, she could not recover against him for wantonness. Pope never responded to those motions for a summary judgment, relying instead on the affidavit she had filed previously in the case. The trial court denied Flippo’s and Exum’s motions for summary judgment. It later amended its order denying the motions to include the statement required for an interlocutory appeal pursuant to Rule 5, Ala. R.App. P. Flippo and Exum filed timely petitions for permission to ap *85 peal from the denial of their summary-judgment motions.
This Court granted Flippo and Exum permission to appeal, allowing the parties to address the following issue:
“Whether the doctrine of res judicata operates to bar an action filed by an adult plaintiff to recover for injuries sustained during an incident which occurred during her minority, where that same incident also formed the basis of a previous lawsuit filed on her behalf by her next friend against the same defendants which was dismissed for lack of prosecution after she reached the age of majority.”
For the reasons set forth below, we conclude that, under the circumstances presented in these cases, the doctrine of res judicata does not bar the later-filed action, and we affirm the trial court’s order denying Flippo’s and Exum’s summary-judgment motions.
The threshold issue is whether the next friend’s failure to prosecute is chargeable to a minor who reached the age of majority before the next friend committed the acts relied upon by the trial court as the basis for the failure to prosecute. In Maryland Casualty Co. v. Owens, 261 Ala. 446, 450, 74 So.2d 608, 611 (1954), Justice Merrill observed, in dicta: “For sound reasons and under numerous rulings it is well settled that the authority of a guardian ad litem of an infant defendant to represent him in the conduct of a cause expires with the minority of the infant, 43 C.J.S., Infants, § 113.” (Emphasis added; some citations omitted.)
Flippo and Exum maintain that Pope’s reaching the age of majority did not abate the 1998 action. See Johnson v. Alexander, 66 Okla. 128, 130, 167 P. 989, 991 (1917), where the Supreme Court of Oklahoma stated:
“The rule seems to be well established that where an action is commenced by a minor, by his next friend or guardian, and the minor reaches his majority during the pendency of the cause, the cause does not abate, and the arriving at majority by the minor is not grounds for dismissal of said cause. Bernard v. Pittsburg Coal Co., 137 Mich. 279, 100 N.W. 396; 22 Cyc. 671.
“The proper procedure seems to be in the case where a minor becomes of age during the pendency of the cause to strike the name of the guardian or next friend from the record and leave the cause standing in the name of the minor, but under the above authorities if this is not done it is a mere irregularity which does not affect the substantial rights of the other party, and therefore not prejudicial error. No doubt, where it is made to affirmatively appear to the court that it would materially affect the substantial rights of the defendants to allow the cause to proceed by the next friend after the minor, plaintiff, had reached his majority, it would be the duty of the court to require the plaintiff to continue the prosecution of the suit in his own name.”
(Emphasis added.) See also McCarthy v. Anable, 169 Misc. 595, 7 N.Y.S.2d 887 (1938), Shroyer v. Shroyer, 101 N.E.2d 298 (Ohio App.1950). However, these authorities do not deal with the situation presented here, where there is no indication that Pope ratified Cline’s continued pursuit of the action after she had reached the age of majority.
No Alabama authority resolves this question. While not directly on point, the discussion in Bell v. Burkhalter, 183 Ala. 527, 62 So. 786 (1913), is helpful. There, this Court stated:
“Where an action is instituted in the name of an infant, without the interven *86 tion of a guardian or next Mend, and pending the litigation the infant attains bis majority and thereafter manifests by his conduct in the cause, even through an attorney, an adoption or ratification of the action so erroneously commenced, the subsequent objection that he was an infant when the action was instituted cannot avail the objector. In such circumstances the objector must allege and prove, to abate the action so erroneously originally commenced, that the party, subject to disability when the action was commenced, has not adopted and ratified such commencement of the action.”
183 Ala. at 529-30, 62 So. at 786 (emphasis on “not” original; other emphasis added). While Bell dealt with an action brought initially in the name of the minor, the rationale in Bell supports the importance of the minor’s adoption and ratification of the action after he or she reaches the age of majority. A similar concern for the need for the minor’s ratification in this type of situation is evident in Germain v. Sheehan, 25 Minn. 338, 339 (1879), where the Supreme Court of Minnesota held:
“The plaintiff, being an infant when the action was commenced, should have appeared by guardian, and his appearance by attorney was erroneous. But if, during the pendency of his action, an infant plaintiff reaches majority, it is competent for him to adopt an action thus erroneously commenced, and to ratify what has been done therein; and thereafter there is no good reason why the action should not proceed with the same effect as if it had been properly commenced. This adoption and ratification may be inferred from any conduct on his part evincing his recognition of the action as prosecuted for him, as, for instance, by knowingly suffering it to be carried on in his name, without repudiating it.”
(Emphasis added; citations omitted.)
We have found little authority on the question whether a minor who attains the age of majority after an action is commenced by the minor’s next friend during the minor’s minority must ratify the action before the judgment in the action binds the former minor. We find Kaplan v. Kaplan, 373 S.W.2d 271 (Tex.Civ.App.1963), persuasive. It harmonizes the rule enunciated in Maryland Casualty Co. v. Owens, supra—that the authority of the next friend expires with the minority of the infant — with the rule that the minor’s attaining the age of majority does not abate the action, and then incorporates a requirement of ratification. The court in Kaplan stated:
“It is a rule of general application that one person may not bring suit in the right of another.
“ ‘... [T]he authority of a next friend of an infant to represent him in the conduct of a cause expires with the minority of the infant.... In such case the action does not abate, but may proceed in the name of the infant if he so elects. In such case, however, the record should show that the suit is prosecuted by the plaintiff himself, and it is proper to strike out the name of the next friend. ...’

“Here there is nothing to show that Barbara [the minor who came of age] elected to proceed with this suit after reaching the age of twenty-one.

“It is our opinion that Barbara Kaplan was not a party to this suit in the trial court.”
373 S.W.2d at 275 (emphasis added; citations omitted). In Shuttlesworth v. Hughey, 40 S.C.L. (6 Rich.) 329, 330-31 (1853), the court spoke to the attainment *87 of age as giving the minor a right of election, stating:
“If an infant plaintiff, pending the suit, shall attain full age, he is generally permitted to stop the proceedings whether he is sole or co-plaintiff with others. The action does not abate when he is of age, and he can elect, whether he will proceed or not. If he shall continue to prosecute his action, the subsequent proceedings may be carried on in his own name; and no amendment of his declaration is necessary for that purpose. A suggestion on the record, that he has attained to full age, is sufficient.”
(Emphasis added.)
We therefore hold that, although the authority of the next friend expires when the minor attains the age of majority, that event does not abate an action commenced by the next friend so long as the former minor elects to proceed. Such an election may be inferred from any conduct on the former minor’s part evincing recognition of subsequent prosecution of the action for the former minor’s benefit, such as, for instance, knowingly allowing the action to be carried on in the former minor’s name or in the name of the next friend. Better practice calls for a suggestion on the record that the minor has attained the age of majority and the deletion of the next friend as a party. However, inattention to this detail does not affect the validity of any judgment where the former minor’s election to proceed with the action can be inferred.
Under the facts here presented, there is no evidence indicating that Pope had notice that her father’s attorneys had withdrawn from the case, that the trial court had imposed a deadline for securing new counsel, or that the trial court had dismissed the case until after the trial court had entered the order of dismissal. The case action summary reflects that Pope and Cline were notified of the attorneys’ withdrawal and the deadline for securing new counsel and that Cline was notified that the case had been dismissed, but those notices were sent to Cline’s Kentucky address. The record contains copies of letters from Cline’s attorneys addressed to Cline and Pope advising them of the attorneys’ withdrawal, but again, those letters were sent to Cline’s Kentucky address. Pope testified that when these notices and letters were sent she was living with her mother in the Dothan area, that she did not receive any of the notices or letters, and that her father did not tell her that he had received them. For all that appeared, as far as Pope knew, the action was dormant during the few months these significant events that would ultimately lead to the dismissal of the action with prejudice were occurring. Pope did testify that after the action was dismissed, a secretary at the law firm that had represented her father told her that her case was closed, but she explained that she understood that to mean only that the firm was no longer representing her, not that the case had been dismissed.
Because there is no basis in this record from which we can reasonably infer that Pope, after coming of age, ratified the continued pursuit of the action by Cline on her behalf, the dismissal of the 1998 action with prejudice after Pope attained the age of majority is not binding upon her. Flip-po and Exum’s argument that Pope’s 1999 action is barred by the doctrine of res judicata is therefore without merit, because there is no former adjudication that is binding upon Pope.
We do not reach the result reached in McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62 (1918), relied upon by both Pope and Flippo and Exum, where this Court rejected the statute-of-limitations defense asserted against a claim by an adult for *88 injuries sustained while she was a minor. A previous action had been commenced on the minor’s behalf by a next Mend; however, it was dismissed because the next Mend had failed to respond to interrogatories. In McLaughlin, the dereliction of duty on the part of the next friend occurred during the minority of the party for whose benefit the action had been commenced; that case is therefore not on point. Our disposition also makes it unnecessary for us to reach the other issues Pope asserts in support of the trial court’s denial of the summary-judgment motions.
We conclude that the trial court properly denied the motions for summary judgment filed by Flippo and Exum, and we affirm the order denying those motions.
AFFIRMED.
MOORE, C.J., and HOUSTON, JOHNSTONE, and WOODALL, JJ., concur.

. The trial court dismissed American States as a defendant in this case pursuant to a joint stipulation for dismissal filed by Pope and American States. American States is not a party to this appeal.