LUCY SPELL, NEXT FRIEND, v. WILLIAM CAMERON & COMPANY, INC.

Decided October 28, 1910.

**Minor—Suit by Next Friend—Appeal After Majority of Minor.**

A mother, as next friend of her minor son, filed suit for damages for personal injuries to such son; judgment was rendered against the minor plaintiff; between the date of the judgment and the suing out of a writ of error, the minor attained his majority; the defendant in error moved in the appellate court to dismiss the writ of error on the ground that the next friend as such had no authority to sue out the writ of error after the minor attained his majority; the next friend answered admitting the majority of the plaintiff but praying that he be allowed to prosecute the appeal in his own name and for his own benefit; the son filed no answer and made no appearance in the appellate court. Held, the appellate court had no jurisdiction of the appeal and the same should be dismissed.

. Error from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*John J. O'Fiel* and *Charles T. Butler,* for plaintiff in error.

*Taliaferro & Nalle* and *Sleeper, Boynton & Kendall,* for defendant in error.

McMEANS, ASSOCIATE JUSTICE.—This suit was instituted by Lucy Spell, suing as guardian and next friend for her minor son, Oscar Spell, against William Cameron & Company, a corporation, to recover damages for personal injuries sustained by the minor while in the service of the defendant. The case was tried before a jury and resulted in an instructed verdict for the defendant upon which a judgment was duly entered, and from which judgment the plaintiff, Lucy Spell, as such next friend, has prosecuted a writ of error to this court.

It appears from the statement of facts sent up with the record, and from the admission of the next friend, that after the rendition of the judgment and before the next friend filed her application for writ of error, the said Oscar Spell attained his majority. After the record was filed in this court the defendant in error, William Cameron & Co., Inc., filed its motion to ·dismiss the appeal on the ground that . Lucy Spell had no authority as next friend to sue out the writ of error after Oscar Spell had attained his majority. Lucy Spell filed an answer to the motion, in which she expressly admitted that Oscar Spell had become of age before the suing out of the writ, and praying that he be admitted as the real party in interest herein, and that he be allowed to prosecute the appeal in his own name and for his own benefit without the intervention

of plaintiff in error as next friend. Oscar Spell filed no answer to the motion, nor did he otherwise appear except through the next friend. Under these facts has Lucy Spell, as next friend, the right to prosecute this writ of error?

It seems to be well settled that the authority of a next friend of an infant to represent him in the conduct of a cause expires with the minority of the infant. 22 Cyc., 670; Lang v. Belloff, 53 N. J. Eq., 298; 31 Atl., 604. In such case, the action does not abate, but may proceed in the name of the infant if he so elects. In such case, however, the record should show that the suit is prosecuted by the plaintiff. himself, and it is proper to strike out the name of the next friend. 22 Cyc., 671; 14 Cyc. Pl. & Pr., 1000, 1044; Lang v. Belloff, 53 N. J. Eq., 298; 31 Atl., 604.

The exact question now under consideration, namely, whether a next friend can prosecute an appeal or writ of error after the infant has reached his majority, seems to have not been passed upon; but it has been held that an unsuccessful party to a suit who occupies a fiduciary relation as administrator or guardian can not prosecute an appeal after he has resigned or been removed. 2 Cyc., 631.

Graham v. Blackburn, 10 Texas, 314, was a case in which Graham as plaintiff in error sued out a writ of error against Blackburn as administrator. It appears that Blackburn had resigned and was discharged as such administrator, but whether before or subsequently to the suing out of the writ was not shown. The plaintiff in error suggested in the Supreme Court the resignation of the administrator and moved for a *scire facias* to the proper representatives when known, and the defendant in error resisted the application on the ground that he resigned and had been discharged before suing out of the writ. It was held that the cause could not be brought into the Supreme Court in the name of the defendant in error. if his discharge as administrator was prior to the. suing out of the writ; and as plaintiff was unable to say whether the defendant was or was not at that time discharged, the Supreme Court could not say whether the cause was properly before it, and therefore dismissed the writ. In that case it is recognized that the administrator after his discharge was no longer a party to the judgment. We think it clear that if the writ could not be prosecuted against the administrator after he had been discharged, because he was no longer a party to the judgment, he would have no authority after his discharge to prosecute the writ, for in neither case would the estate for which he had formerly acted in a fiduciary relation be bound. See Jackson v. Daugherty, 26 S. W., 1116.

In McCormick Harvesting Mach. Co. v. Snedigar, 53 N. W., 83, it was held that an appeal by and in the name of an administrator, taken after he had been fully discharged as such and a new administrator had been appointed and qualified, gave the appellate court no jurisdiction over the estate or of a cause of action against the estate. In sustaining a motion to dismiss the appeal the court uses this language:

"In this case the real party in interest, the real appellant, may be the

estate of the deceased Tuttle, but the party who actually brings and prosecutes this appeal is shown to have no authority to represent such estate. Suppose we retain the case, and, upon hearing, render judgment against appellant; who is bound? Not the estate of Tuttle, for we know and it is admitted that Whitney, the nominal appellant who brought the appeal, has no authority to appear for the estate and that we get no jurisdiction over it. Not Whitney himself, for his notice informs us at the outset that he appeals only in a representative capacity. . . . When this action was commenced in the lower court Whitney was administrator, and his appearance in that court gave it jurisdiction of the estate and of the cause of action, and there might be reason in claiming that a change in administrators did not abate the action; but this court does not inherit the jurisdiction of the lower court, nor does any case naturally grow from one court into another, but is transferred—brought here bodily and at once—by the positive act of some party aggrieved. If the case is not brought here by some person authorized to bring it, it is not here. It is not a question in this court of continuing a jurisdiction already acquired, but of getting jurisdiction in the first place. The facts are these: The party in whose name the appeal is taken and who ostensibly takes it, has confessedly no interest in the subject matter. The only party interested, the present administrator of the estate of Tuttle, deceased, has, so far as it is made to appear, taken no appeal and is not before us."

We think the cases referred to are, by analogy, authority for holding that Lucy Spell, after her authority as next friend for Oscar Spell expired, was not authorized to sue out the writ of error upon which the cause was attempted to be brought before this court, and that the motion of the defendant in error to dismiss her appeal must be sustained, and it is so ordered.

*Dismissed.*

Writ of error refused.