## TEXAS EMPLOYERS' INS. ASS'N v. CROOKS.

## No. 2790.

Court of Civil Appeals of Texas. El Paso. Jan. 5, 1933.

Rehearing Denied Jan. 19, 1933.

Shelby S. Cox, James P. Swift, and Lawther, Cox & Cramer, all of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

HIGGINS, J.

The Industrial Accident Board made an award in favor of Defendant in Error Crooks awarding compensation upon a weekly basis.

In due time Crooks, by next friend, filed this suit in the district court of Dallas county to set aside the award and asked for a lump sum settlement.

Upon the trial of the case it was developed upon cross-examination of Crooks that he was at that time 21 years old. There is no evidence that he was not a minor at the time the suit was filed in the district court.

Upon the jury's findings, judgment was rendered in favor of Crooks.

Error is assigned to the refusal of a requested peremptory instruction to find for plaintiff in error.

The assignment is predicated upon the fact the evidence discloses Crooks was not a minor at the date of trial, and there is no evidence that he was a minor upon the date the suit was filed in the district court.

As we understand the propositions submitted in this connection, it is in effect first contended the suit filed by next friend was ineffectual unless Crooks was then a minor and it was necessary for the evidence to so show; without such proof it would not be shown a suit had been filed in the district court to set aside the award within the 20-day period (section 5, art. 8307, R. S.) allowed for an appeal from the ruling of the Industrial Accident Board; wherefore the jurisdiction of the district court was not shown.

The opening paragraph of the petition reads: "Now comes W. P. Crooks, a minor, by and through next friend B. Bayless," etc. The petition thus discloses Crooks was suing

and seeking to recover in the capacity of a minor, and, in the absence of a verified answer or plea in abatement questioning his right so to do, the matter of his minority was not in issue. Subdivision 3, art. 2010, R. S. It was therefore unnecessary for him to prove his status as a minor at the time he filed the suit. Crouch v. Posey (Tex. Civ. App.) 69 S. W. 1001, and cases there cited.

■ Nor do we regard the failure of Crooks to amend his petition upon reaching his majority and showing he was then sui juris, as fatal to his right of recovery. It was a matter which should have been raised by plaintiff in error by plea in abatement. Subdivision 3, art. 2010, R. S.; 31 C. J. title, "Infants," §§ 267 and 274; El Paso & S. W. Co. v. LaLonde (Tex. Civ. App.) 173 S. W. 890.

In support of the assignment in question, plaintiff in error cites Spell v. Wm. Cameron & Co., 62 Tex. Civ. App. 471, 131 S. W. 637. That case rather supports our ruling, for the right of the next friend to prosecute the writ of error was raised by motion to dismiss presented by the defendant in error, Cameron & Co.

■ Judgment was in favor of Crooks, the judgment reciting the court found from the undisputed facts Crooks was then 21 years of age. It is complained the pleadings did not support judgment directly in favor of Crooks when he sued by next friend.

Crooks was the real party at interest. The petition so shows. The pleadings support the judgment in his favor, and it was properly so rendered. Galveston Oil Co. v. Thompson, 76 Tex. 235, 13 S. W. 60.

Affirmed.