Jean KAPLAN, Appellant,

v.

Jack KAPLAN, Appellee.

No. 14204.

Court of Civil Appeals of Texas.

Houston.

Nov. 7, 1963.

Rehearing Denied Dec. 5, 1963.

1. Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576.

**272** ■

Frank Briscoe, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, for appellant.

Marvin Schulman, Houston, for appellee.

COLEMAN, Justice

This is a proceeding brought under the Uniform Enforcement of Support Acts of New York and Texas (Domestic Relations Law, McKinney's Consol.Laws, c. 14, § 30 et seq.; Vernon's Ann.Civ.St. art. 2328b–1 et seq.). The trial court sustained a plea of res adjudicata and entered a judgment dismissing the proceeding with prejudice against refiling same, and this appeal resulted.

■ Appellee has filed a motion to dismiss the appeal for the reason that Jean Kaplan alone has perfected an appeal and that in her brief she makes no complaint of the judgment insofar as it dismissed the cause of action which she had asserted for support for herself. Appellant's brief contains the statement that "the appeal is urged only as to that part of the petition which seeks support for the daughter, Barbara, and makes no protest of the order of dismissal as to the former wife."

The question to be determined is whether appellant, Jean Kaplan, may maintain this appeal for the benefit of Barbara Kaplan, her daughter.

Section 31 of Article 3–A of the Domestic Relations Law of New York defines "Petitioner" as meaning and including each dependent person for whom support is sought under this article, and "Dependent" as meaning and including any person entitled to support under this article.

On March 29, 1961, an instrument entitled "Jean Kaplan, Petitioner, vs. Jack Kaplan, a/k/a Kaye," directed to the Domestic Relations Court of the City of New York —Family Court Division, beginning "THE PETITION OF Jean Kaplan respectfully shows: * * *" and signed "Jean Kaplan, Petitioner," was filed. This petition alleged that under the provisions of the New York Uniform Support of Dependents Law "* * * Respondent is legally chargeable with the support of the following named dependent(s) who is (are) presently residing in the County of Queens, City of New York, State of New York:" 1. Jean Kaplan, wife, born 9–23–10, and 2. Barbara Kaplan, daughter, born 5/29/40.

The petition further alleged that the dependents are in need of, and are entitled to support from Respondent and that Respondent is not providing fair and reasonable support for the dependents named. It also

alleged, "That the duly verified testimony of the Petitioner is attached hereto and made a part hereof, as Petitioner's Exhibit 'A'." Exhibit "A" purports to be the testimony of Jean Kaplan taken before a Justice of the Domestic Relations Court of the City of New York. From the testimony it appears that Barbara is the only child of Jean and Jack Kaplan; that she was under 21 years of age; that respondent had not contributed for support since April 5, 1960; that petitioner worked part time and averaged $30.00 per week; that she had no other income and was in debt; and that Barbara was mentally retarded, emotionally disturbed and unemployable.

The petition then concludes with a prayer "for such an Order of Support, directed to said Respondent, as shall be deemed to be fair and reasonable, and for such other and further relief as the law provides."

Under the New York Act a father is liable for the support of a daughter under the age of 21 years, and both parents are severally liable for the support of one over the age of 21 whenever she is unable to maintain herself and is or is likely to become a public charge. There is no specific allegation that Barbara is likely to become a public charge. There is no allegation that Barbara has no income, and it appears from the petition that Barbara was not a public charge when this action was instituted.

While at the time the action was instituted in New York Barbara was a minor, she had reached the age of 21 before the proceedings were filed in the courts of Harris County. An adult, though not non compos mentis, incapable of caring for her own interests by reason of mental or bodily infirmity, may be represented by a next friend. McGinnis v. McGinnis, Tex.Civ. App., 267 S.W.2d 432; Morris v. Stanford, Tex.Civ.App., 295 S.W. 347.

While it is evident that both in this Court and in the trial court appellant sought to secure an order requiring appellee to contribute to the support of his daughter,

it is our opinion that Barbara Kaplan is not a party to this appeal and was not a party in the trial court.

A minor plaintiff must be represented either by a next friend or a guardian. In Gulf, C. & S. F. Ry. Co. v. Styron, 66 Tex. 421, 1 S.W. 161, Justice Stayton, for the Supreme Court of Texas, stated:

"The essential facts are that the action must be prosecuted for the use and benefit of the minor by some proper representative. Any person who is permitted by the court to prosecute such an action is to be deemed a suitable person. When it appears with certainty * * * that the action is based on the right of the minor; that the relief sought is such as the minor alone would be entitled to on the facts pleaded; and that this is sought for the use and benefit of the minor,—then we are of the opinion that the minor is the real plaintiff, whatsoever may be the formula used. * * * Whether the petition be worded in the one formula or the other, the adverse party and the court are equally advised of the cause of action, the right in which the recovery is sought, and of the person to whose benefit the recovery is to inure. * * * *"

These criteria are not met in this case. When the proceedings were filed in the Texas court, the petition showed on its face that Barbara was no longer a minor and contained insufficient allegations to show a cause of action on the ground that she was likely to become a public charge. Neither the right in which the recovery is sought nor the person to whose benefit the recovery is to inure can be ascertained with certainty from the petition.

While a parent is the natural guardian of a minor, he is only entitled to be appointed guardian of the minor's estate, and has no absolute right to act for the minor, and has no authority to manage and control the minor's estate. Silber v. South-

ern Nat. Life Ins. Co., Tex.Civ.App., 326 S.W.2d 715, error ref.

From the record before us we cannot say that appellant, Jean Kaplan, had no cause of action on her own behalf under the laws of New York or Texas when this action was begun. The Uniform Support of Dependents Act of New York provides that a proceeding under the Act "shall be commenced by a petitioner by filing a verified petition * * *." Section 37. Petitioner is defined as meaning and including each dependent person "for whom support is sought * * *" Section 31. Since Jean Kaplan alone is named as petitioner, it would appear that she is the only dependent for whom support was sought in this action.

In McDonald v. Miller, 90 Tex. 309, 39 S.W. 89, the court said:

> "To make one having an interest in an action a party, the petition must make him a party; and, if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege, and not a duty."

■ The law presumes that an adult person is of sound mind and is capable of managing his own affairs. Where a petition is filed by a next friend, alleging that a person is of weak or unsound mind and not capable of taking care of his own affairs, this presumption is not destroyed, but it is presumed that the action is brought with the permission and such consent as this person is capable of giving and that it is in fact his suit. Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750.

Where a minor sues in personam, and not by next friend, the suit is subject to a plea in abatement, and a judgment rendered in such suit is voidable at the instance of the minor. Gross v. Griffin, Tex.Civ.App., 221 S.W. 764.

The legal rights of persons under disability are jealously protected by our courts. In Greathouse v. Fort Worth & Denver City Ry. Co., Tex.Com.App., 65 S.W.2d 762, the court said:

> "The bringing of a suit by next friend for a minor in no way changes his status; his disabilities are not removed or suspended by bringing such suit (Galveston, H. & S. A. R. Co. v. Washington, 25 Tex.Civ.App. 600, 63 S.W. 538, 540), and his interests must, in good faith, be fully protected; he is non sui juris and altogether under the court's protection. A minor appears in court as plaintiff by next friend and as defendant by guardian ad litem. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; 22 Cyc. 638, 653, 673; 31 C.J. 1118; 10 Encyc. Pleading & Practice, 594.

> "The guardian ad · litem or next friend can make no concessions nor can he waive or admit away any substantial rights of the minor, or consent to anything which may be prejudicial to him. Wright v. Jones (Tex.Com.App.) 52 S.W.(2d) 247; Moore v. Prince, 5 Tex. Civ.App. 352, 23 S.W. 1113."

In Peters v. Allen, Tex.Civ.App., 296 S.W. 929, the court said:

> "It must be remembered that the doctrine that minors are wards of the court, whose interests the courts shall protect, is as ancient as the common law, 'where the memory of man runneth not to the contrary.' In other words, if the trial court sees that the ward's interest is not properly protected, it is the court's duty to promptly interpose in the ward's behalf to remedy the error, and if necessary, remove the guardian ad litem and appoint another and grant a new trial. The position is so delicate that no attorney should accept it unless he shall give to it, in the interest of the minor, the very best of his skill and ability, acting as though it were under his oath."

.. 

It is a rule of general application that one person may not bring suit in the right of another. McGinnis v. McGinnis, Tex.Civ.App., 267 S.W.2d 432; American Ins. Union v. Allen, Tex.Civ.App., 192 S.W. 1087.

"* * * the authority of a next friend of an infant to represent him in the conduct of a cause expires with the minority of the infant. * * * In such case the action does not abate, but may proceed in the name of the infant if he so elects. In such case, however, the record should show that the suit is prosecuted by the plaintiff himself, and it is proper to strike out the name of the next friend. * * *" (Spell v. William Cameron & Co., 62 Tex.Civ. App., 47, 131 S.W. 637.)

Here there is nothing to show that Barbara elected to proceed with this suit after reaching the age of twenty-one.

It is our opinion that Barbara Kaplan was not a party to this suit in the trial court. The appeal bond reflects only that Jean Kaplan appealed. We think that in statutory proceedings of this sort, particularly in view of our duty to jealously guard the rights of those under disability, we cannot assume contrary to the fact as reflected by the appeal bond, that Jean Kaplan was appealing in a representative capacity. It is our view that the petition, construed in the light of the New York law previously discussed, and the appeal bond, demonstrate that Barbara Kaplan was not a party to the suit as it was originally filed, and is not a party to this appeal, but that Jean Kaplan brought and has prosecuted this suit in her own right. Since she has asserted no error on part of the trial court resulting in harm to her legal interests, the judgment of the trial court ordinarily would be affirmed.

However, it is apparent from the record that the trial court sustained appellee's plea of res adjudicata, a plea in bar on the merits of the case. That portion of the judgment ordering that Cause No. 579,972 be dismissed is erroneous. The trial court should have entered a judgment that plaintiff take nothing. The judgment of the trial court is, therefore, reformed in this respect, and, as reformed, is affirmed.