**Lyda Margaret ARNOLD, Appellant,**

v.

**Jimmie Jean ARNOLD and Emmett Lee Arnold, III, Appellees.**

No. 13–82–106–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1983.

Wilson J. Seldon, Jr., Brownsville, for appellant.

Tom Fleming, Wiech, Fleming & Hamilton, Brownsville, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a judgment in a non-jury trial involving a constructive trust. The trial court imposed a constructive trust on the assets of an estate and made appellees the beneficiaries of the trust. In a single point of error, appellant challenges the legality of the judgment because after appellant was served with appellee's petition, appellant was found incompetent to stand trial in a related criminal case. We affirm.

On March 13, 1981, Margaret Briggs Womeldorf was shot to death by her daughter, appellant herein. On March 26, 1981, the Will of deceased was filed for probate and after evidentiary hearing, that court determined that appellant had been charged with the murder and therefore was unsuitable and disqualified from serving as the independent executrix of the Will. Appellee Jimmie Jean Arnold was appointed independent executrix and the Will was admitted to probate.

On April 6, 1981, appellees filed suit against appellant for a declaration of a constructive trust on the assets of the estate, alleging that appellant was the primary beneficiary under the deceased's Will, and that appellees were the remaining beneficiaries. On April 10, 1981, appellant was served with a copy of appellee's petition in

the county jail. On May 22, 1981, no answer being on file, appellees were granted a default judgment subject to proof on damages. Thereafter, appellant was indicted for murder and on November 10, 1981, a jury found appellant incompetent to stand trial "at the present time," and they also found that there was a substantial probability that appellant would attain competency to stand trial in the foreseeable future. Pursuant to Sec. 5(a) of Art. 46.02 Tex.Code Crim.Pro., appellant was committed to the Rusk State Hospital. On December 4, 1981, an amicus curiae general denial was filed in the civil suit by appellant's attorney in the criminal case. Also at his request, on December 15, 1981, an attorney ad litem was appointed by the Court. The trial court scheduled a pretrial conference for December 30, 1981.

The attorney ad litem failed to appear for the December 30, conference and the trial court entered an interlocutory judgment which decreed that a constructive trust be imposed on the assets in question and that appellees were the beneficiaries of the trust. The trial court set a hearing for proof of assets of the previously imposed constructive trust for January 18, 1982. Appellant's attorney did appear at this hearing and after the hearing, the trial court entered the final judgment from which appellant appeals.

### Issue

The primary issue before us is whether the finding of incompetency to stand trial in a criminal case as a matter of law rebuts the presumption of sanity and therefore vitiates the judgment in a civil case.

■ Prior to our discussion of this question we must evaluate the evidence or lack of evidence concerning the appellant's incompetency which was before the trial court. The only "evidence" indicating that appellant is incompetent contained in the record is found first in exhibit 'A' to the Amicus Motion for Appointment of Attorney filed by appellant's appointed attorney in the criminal case. The motion is not sworn to and the exhibit, which is a copy of the judgment finding appellant incompetent to stand trial in the criminal case, is not certified. As is set forth in art. 3720 Tex.Rev.Civ.Stat.Ann. (Vernon 1926), copies of judgments constitute admissible evidence only when they are certified. The second reference to the appellant's incompetency is found in the arguments of her counsel wherein he refers the trial court to the aforementioned document. No request is made nor does the court take judicial notice of the judgment. Therefore, since the document was not offered as any evidence of the appellant's incompetency, nor in its current form is admissible as such evidence, we cannot now consider it to constitute evidence of incompetency.

■ The law of this state presumes that an adult person is of sound mind and is capable of managing his own affairs. *Kaplan v. Kaplan,* 373 S.W.2d 271 (Tex.Crim. App.—Houston 1963, no writ). The burden of proof rests with the party alleging mental incompacity. *Hall v. Hall,* 352 S.W.2d 765 (Tex.Civ.App.—Houston 1961, no writ). Appellant has totally failed to meet her burden of proof, and absence of such proof, the trial court was correct to proceeding to final judgment.

■ In her somewhat multifarious point of error, appellant also complains that the trial court erred in entering default judgment because an answer was filed by the appellant. This point is not argued in appellant's brief nor are any authorities cited in support of this proposition. This portion of the point of error is waived. Tex.R. Civ.P. 418(e); County of *Nueces v. Floyd,* 609 S.W.2d 271 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

The judgment of the trial court is AFFIRMED.