Linda Joyce Brumek KENNEDY, Raymond Charles Brumek, Jr., and Sandra Brumek, Appellants,

v.

MISSOURI PACIFIC RAILROAD COMPANY and Irene Mallard Parks, Appellees.

No. 09–88–208–CV.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1989.

Rehearing Denied Sept. 27, 1989.

John C. Werner, Houston, for appellants.

William A. Worthington, Gordon A. Holloway, Barclay Manley, Houston, for appellees.

## OPINION

BURGESS, Justice.

This appeal arises out of a car-train collision occurring in Conroe, Texas, on February 4, 1983. The train was owned and operated by Missouri Pacific Railroad Company and the automobile was owned and operated by Irene Mallard Parks. Three of the four automobile passengers, all minors, were injured in the collision. Raymond Brumek and Linda Joyce Brumek Kennedy filed suit individually and as next friend of their minor children, Raymond Charles Brumek, Jr., and Sandra Brumek Raimer. The parents of a third child not involved in this appeal also joined the suit individually and as next friend of their minor child.

When the jury trial commenced, both Raymond Brumek, Jr., and Sandra Raimer had attained majority. The jury found negatively on each issue of the railroad's liability and found the collision was solely caused by Mrs. Parks' negligence. After verdict, but before judgment was entered, Mrs. Kennedy filed a motion to appoint a guardian ad litem for Raymond Jr., alleging he was non compos mentis and a conflict had arisen during the trial between herself and Raymond, Jr. The court heard the motion and appointed a temporary guardian ad litem for Raymond, Jr. Later, the trial court found the appointment of a guardian ad litem was not necessary and denied the motion. The judgment entered April 22, 1988, awarded Raymond Brumek, Jr., $1,135,068.80 and Sandra Brumek Raimer $7,052.51 against Mrs. Parks, but ordered they take nothing against the railroad. After motion for new trial was overruled by operation of law, Mrs. Kennedy, Raymond Jr., and Ms. Raimer perfected this appeal.

Appellants' first point of error urges the court erred in failing to appoint a guardian ad litem for Raymond, Jr. Appellants argue the next friend was liable as a parent for Raymond Jr.'s substantial medical expenses and that liability raised a conflict of interest between Raymond and his next friend during settlement negotiations. *TEX.R.CIV.P. 173* provides:

"When a minor, lunatic, idiot or a non-compos mentis ... is a party to a suit ... and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a guardian ad litem for such person...."

Appellants' pleadings named Mrs. Kennedy as a party plaintiff "individually and as next friend" of her then minor children but contained no allegations of injury or damage to her individually and requested no relief on her behalf. No damage issues

for Mrs. Kennedy's damages were submitted; the medical expenses were submitted as for services "received by" Raymond Jr., without separate submission for expenses incurred during minority and majority. A settlement offer well in excess of the total incurred medical expenses was rejected by appellants. Extensive expert testimony was presented at trial concerning Raymond Jr.'s head injury and his present mental, emotional and physical condition. Appellants' neuropsychologist stated Raymond Jr., suffered from frontal lobe brain damage causing organically impaired judgment. Their psychiatrist stated Raymond Jr. had memory difficulties and suffered from depression, low self-esteem and loneliness. Appellees' neuropsychologist testified Raymond Jr., had average levels of intellectual functioning, average IQ, no judgment-impairing damage, and only verbal memory difficulties. Medical, psychological, aptitude, and vocational analysis reports were introduced into evidence during the trial. Raymond Jr. testified about his condition. Mrs. Kennedy testified in detail to the limitations and problems experienced by Raymond Jr. as a result of his injury. Appellees introduced evidence of Raymond Jr.'s successful completion of high school, including data processing coursework. Attorneys for both sides made forceful arguments for their positions at the hearing on the motion to appoint a guardian ad litem, during which hearing the court noted it had no previous indication Raymond Jr. might be incompetent. After the motion to appoint a guardian ad litem was filed, the court appointed an attorney to brief Raymond Jr.'s position. The order denying the motion to appoint guardian ad litem stated appointment of a guardian ad litem for Raymond Charles Brumek, Jr. was not necessary.

■ When the facts enumerated in *TEX. R.CIV.P. 173* exist, appointment of a guardian ad litem is mandatory. *Jaynes v. Lee,* 306 S.W.2d 182 (Tex.Civ.App.—Texarkana 1957, no writ). Displacement of the next friend with a guardian ad litem is authorized only when it appears to the court that the next friend has an interest adverse to the person represented. *New-*

*man v. King,* 433 S.W.2d 420 (Tex.1968). Adversity of interest is a preliminary matter to be determined by the court from the record and the evidence before it and its decision will not be disturbed in the absence of a showing of abuse of discretion. *Texas Employers Ins. Corp. v. Keenom,* 716 S.W.2d 59 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ A next friend may prosecute an action both on behalf of a minor child and as plaintiff for the expenses incurred by reason of those injuries. *Dr. Pepper Bottling Co. v. Rainboldt,* 40 S.W.2d 827 (Tex. Civ.App.—Waco 1931, writ dism'd). There is no apparent conflict between Mrs. Kennedy and Raymond Jr. She attended the entire trial and appeared to assist rather than hinder the case. There is no indication she sought to compromise his recovery for her own benefit. Raymond Jr. and Sandra attained majority prior to trial and the pre-trial settlement negotiations. The pleadings were never amended to delete the designation of Raymond Jr.'s parents as his next friend, but Sandra and Raymond Jr., appeared at trial fully represented by counsel and proceeded with trial without objection. *See Texas Employers Ins. Ass'n. v. Crooks,* 56 S.W.2d 476 (Tex. Civ.App.—El Paso 1933, no writ). While a party need not be non compos mentis to be represented by next friend, but may merely be incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in litigation, *Kaplan v. Kaplan,* 373 S.W.2d 271 (Tex.Civ.App.—Houston 1963, no writ), appointment of a guardian ad litem requires both a finding that the party is non compos mentis and a determination by the trial court that an adversity of interest exists or is likely to arise. *TEX. R.CIV.P. 173.* We cannot read the record before us and state that the trial court, after days of testimony about Raymond Jr.'s mental and emotional condition and the personal testimony of Raymond himself, abused its discretion in finding that a guardian ad litem was not necessary. Appellants' first point of error is overruled.

In their second and third points of error, appellants complain of the jury's failing to find the railroad crossing in question was extra-hazardous and the railroad negligent in failing to have an automatic gate at the railroad crossing were contrary to the overwhelming weight and preponderance of the evidence.

Appellants complain there is no evidence to support the jury finding "We do not" because the uncontradicted evidence showed that at the time of the accident there was a functioning lighted bell and signal warning device at the crossing. The driver of the vehicle testified she saw the lights and train as she approached the crossing. There was expert opinion testimony that a reasonably prudent person could negotiate the crossing safely. There was no evidence that the train was not visible to the naked eye under the extant conditions of the collision.

Appellants argue expert testimony at trial established gates would improve the safety of the intersection, that prior to the accident the intersection in question was placed on a priority list for automatic gates and were subsequently installed. The driver's trial testimony established she was warned of the presence of the approaching train before she entered the tracks. Appellants do not complain of the jury finding to that effect. The purpose of signs, signals, and warnings is for the purpose of letting persons know of the presence of the crossing and that a train is approaching the highway. *McMahan v. Texas & N.O.R. Co.*, 138 Tex. 626, 161 S.W.2d 70 (Tex.Comm'n App.1942, opinion adopted). A railroad has a duty to warn of the approach of a train, and to pursue extraordinary means of doing so at an extra-hazardous crossing. *Missouri Pacific Railroad Co. v. Cooper*, 563 S.W.2d 233 (Tex.1978). Flashing lights are extraordinary warnings. *See Osuna v. Southern Pacific R.R.*, 641 S.W.2d 229 (Tex.1982). Use of flashing lights does not compel a finding the crossing is extra-hazardous or the railroad is negligent in failing to provide additional warning. *Western Transport Co. v. Gulf, Colorado & Santa Fe Railway Co.*, 414 S.W.2d 218 (Tex.Civ.App. —Waco 1967, writ ref'd n.r.e.).

The questions submitted by appellants required jury determinations in light of warning motorists of approaching trains. The answers to the questions were not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust and were supported by the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Points of error two and three are overruled.

In their fourth point of error, appellants complain the damages awarded to Raymond Jr., were grossly inadequate. The damage awards were:

| | |
|---|---|
| Past medical | $157,388.86 |
| Future medical | $ 75,000.00 |
| Loss of wage earning capacity in the future | $ 75,000.00 |
| Past physical pain and mental anguish | $300,000.00 |
| Future mental anguish | $ – 0 – |
| Past physical and mental impairment | $100,000.00 |
| Future physical and mental impairment | $100,000.00 |

The total amount of the judgment entered for Raymond Brumek, Jr., including prejudgment interest, was $1,135,068.80. Appellants specific complaint in the fourth point of error is the $75,000 award for loss of future earning capacity was against the great weight and preponderance of the evidence. The standard of proof for loss of earning capacity is proof of the amount of such damages with the degree of certainty to which it is susceptible. Even when an injury is of such a serious and permanent nature that loss of earning capacity is the necessary result, proof is required to show the extent and amount of the damages. *McIver v. Gloria*, 140 Tex. 566, 169 S.W.2d 710 (1943). Appellants' experts testified Raymond Jr.'s intelligence and aptitude test scores were deceptively high and failed to reflect his inability to apply his cognitive skills as a result of behavioral deficiencies caused by the head injury, his earning capacity was minimum wage, and argued the difference over his lifetime would be $800,000 to $1,000,000. Appellee's experts attributed Raymond Jr.'s emotional problems

to causes other than the head injury, introduced evidence of intelligence and aptitude test scores and successful completion of high school courses such as data processing, stressed rehabilitation would compensate for his deficiencies and argued vocational training would enable him to attain earning capacity approaching that of a college graduate. Raymond Jr.'s high school data processing teacher testified he successfully completed the class. The amount of the award was supported by the evidence and not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Appellants' fourth point of error is overruled.

 The fifth point of error complains specifically of the "zero" finding for future mental anguish. Extensive testimony concerning Raymond Jr.'s condition was developed at trial. The expert witnesses disagreed on the extent of brain damage and its manifestations. Each expert agreed there was permanent irreversible brain damage. Raymond Jr.'s therapist testified he suffered from the knowledge of the changes in his aptitude arising from the head injury. Raymond Jr. testified he was a slower person and could not interact with others the way he could before the head injury. Appellees' witnesses attributed Raymond Jr.'s problems to adolescence, family strife, the pending suit and frustration over lack of independence. The jury found future physical and mental impairment and future medical expenses. Appellees argue the mental impairment award included mental anguish. Reduced effectiveness of brain function as a result of head injury is distinct from the anguish felt at its loss. The law infers mental suffering results from severe injuries. *T. & P. Ry. Co. v. Curry*, 64 Tex. 85 (1885). A jury must award something for every element of damage resulting from the injuries sustained. *Del Carmen Alarcon v. Circe*, 704 S.W.2d 520 (Tex.App.—Corpus Christi 1986, no writ); *Crowe v. Gulf Packing Co.*, 716 S.W.2d 623 (Tex.App.—Corpus Christi 1986, no writ). While the amount of damages is ordinarily left to the discretion of the jury, they cannot ignore undisputed evidence and arbitrarily deny any

recovery. *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont, 1972, writ ref'd n.r.e.). It is error to totally deny compensation for a proven element of damages based on speculation that the jury overcompensated on other elements. *Robinson v. Minick*, 755 S.W.2d 890 (Tex.App.—Houston [1st Dist.] 1988, no writ). Nevertheless, it is particularly within the province of the jury to resolve matters of elements of past and future physical pain, mental anguish and physical impairment, and determine the amounts attributable thereto. *Gulf States Utilities Co. v. Dryden*, 735 S.W.2d 263 (Tex.App.—Beaumont 1987, no writ). The injury occurred some five years before the trial. The jury awarded past physical pain and mental anguish, but no issue was submitted to the jury on future physical pain. We cannot assume that because the jury found the future impairment, loss of earning capacity, and medical expenses which indicate the continuing and permanent nature of the injury, they must also find Raymond Jr.'s mental anguish continues into the future. Such requires speculating on how the jury attributed the damages for past physical pain and mental anguish. Given the subjective nature of the determination, we cannot say the holding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Point of error five is overruled.

 Appellants' sixth point of error complains of the "zero" finding for future mental anguish for Mrs. Raimer. The evidence regarding the probability of Sandra's emotional suffering in the future consisted of her testimony to the effect she thought daily on her brother's condition and it caused her some grief. At the time of the trial she was twenty-one years old, married, pregnant and living in Arizona. She received no medical treatment after 1983 for injuries sustained in the collision. A jury may disbelieve an interested witness even if uncontradicted. *McGuffin v. Terrell*, 732 S.W.2d 425 (Tex.App.—Fort Worth 1987, no writ). Future mental anguish requires subjective determinations and is particularly in the province of the

jury. *Gulf States Utilities v. Dryden, supra.* The finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Point of error six is overruled.

 In their seventh point of error appellants complain the court erred in failing to award Mrs. Kennedy the medical expenses incurred in the treatment of her children during their minorities and/or disability. Suit was filed by Mrs. Kennedy and her first husband "individually and as next friend" of their minor children. Appellants did not plead that Mrs. Kennedy incurred liability for the medical expenses nor did Mrs. Kennedy testify she personally incurred liability for payment of the medical expenses. Mr. Brumek did not appear at trial. During the hearing on the motion to enter judgment appellants' attorney requested judgment awarding all of the medical expenses on both children to their mother. The trial court did not find Raymond, Jr. non compos mentis. Mrs. Kennedy is not entitled to expenses for medical treatment received by Raymond, Jr., after his eighteenth birthday. She is entitled as a matter of law to the medical expenses for treatment received by her children while they were minors. *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983). *See Mercer v. Evans,* 173 S.W.2d 206 (Tex.Civ. App.—Fort Worth 1943, no writ). Although appellants did not separate the expenses, dated statements were offered into evidence and the court was informed all medical expenses on Sandra were incurred while she was a minor and Raymond, Jr., turned eighteen on March 19, 1987. The medical expenses for Sandra Brumek Raimer were $1,041.45. The medical expenses for treatment received by Raymond Jr., prior to March 19, 1987, were $133,954.06. Raymond Brumek, Sr., did not appeal the take-nothing judgment against him. The judgment is therefore reformed as follows: that Raymond Charles Brumek, Jr., have and recover of and from Irene Mallard Parks the sum of $1,001,114.74; Sandra Brumek Raimer recover of and from Irene Mallard Parks the sum of $6,011.06, Linda Joyce Brumek Kennedy have and recover of and from Irene Mallard Parks the sum of $134,995.51, with interest at the legal rate until paid. The judgment of the trial court is in all other respects affirmed.

AFFIRMED AS REFORMED.

WALKER, C.J., not participating.