**DISMISS; Opinion Filed December 27, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01067-CV

**AMADOR GARZA AND OLGA GARZA, INDIVIDUALLY, AND AS NEXT FRIENDS OF A.G., A MINOR, Appellants**

**V.**

**DANE R. FLIEDNER, M.D., Appellee**

**On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-12-03722-B**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Schenck
Opinion by Justice Myers

Appellants Amador Garza and Olga Garza appeal the trial court's order granting the Chapter 74 motion to dismiss filed by appellee Dane R. Fliedner, M.D. In one issue, appellants contend the trial court erred by granting the motion to dismiss. Also pending is a motion to intervene filed by Abigail Garza and a motion to dismiss the appeal filed by Dr. Fliedner. We dismiss the appeal for lack of jurisdiction and deny the motion to intervene.

### BACKGROUND AND PROCEDURAL HISTORY

The record shows that, on June 15, 2012, Amador and Olga Garza, individually and as next friends of their then-minor daughter, Abigail Garza, filed suit against Dr. Fliedner, Children's Medical Center of Dallas, Igho C. Olobia, M.D., and other parties for medical negligence and gross negligence. In the lawsuit, the plaintiffs complained that they suffered

injuries as a result of allegedly negligent medical care provided by Dr. Fliedner and the other defendants.

All claimants asserting a health care liability claim must comply with Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351; *Stockton v. Offenbach*, 336 S.W.3d 610, 614 (Tex. 2011). Under the law in effect at the time this suit was brought, section 74.351(a) provided that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports." Act of June 17, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)).[1] This requirement is *mandatory*. *See Stockton*, 336 S.W.3d at 614. The statute directed the court to dismiss a health care liability claim *with prejudice* if the report was not served within 120 days of the suit's filing. *See* Act of June 17, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)).

The deadline for serving the Chapter 74 expert report was October 13, 2012. *See id.* Dr. Fliedner, however, was not served with an expert report. On June 19, 2013, Dr. Fliedner was served with a copy of the citation and plaintiffs' original petition. He timely filed his answer on July 12, 2013. On that same day, he filed a Chapter 74 motion to dismiss based on plaintiffs having failed to serve him with an expert report within 120 days of the suit's filing, as required by the former version of section 74.351(a). *See id*. Dr. Olobia and Children's Medical Center

---

[1] The pre–2013 version of section 74.351(a), in effect from September 1, 2005 to August 31, 2013, stated in part that the claimant must serve the expert report "not later than the 120th day after the date *the original petition was filed*." *See* Act of June 17, 2005, 79th Leg. R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)) (emphasis added). The current version of the statute, effective September 1, 2013, requires the health care liability claimant to serve the expert report "not later than the 120th day after the date *each defendant's original answer is filed*." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (effective September 1, 2013) (emphasis added). The enabling statute for the current version of section 74.351(a) states that the 2013 amendment "applies only to an action commenced on or after [September 1, 2013]. An action commenced before [September 1, 2013] is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose." *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 870, § 3(b), 2013 Tex. Gen. Laws. 2217 (H.B. 658); *see also Matthews v. Lenoir*, 439 S.W.3d 489, 494 n. 5 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *Martinez v. Gonzalez*, No. 13–14–00241–CV, 2015 WL 5626242, at *2 (Tex. App.—Corpus Christi Sept. 17, 2015, pet. denied) (mem. op.).

likewise filed separate Chapter 74 motions to dismiss under section 74.351 based on plaintiffs having failed to serve them with expert reports. *See id.* Both doctors requested that plaintiffs' claims be dismissed with prejudice and that they recover their reasonable attorney's fees. *See id.* § 74.351(b).

After Dr. Fliedner, Dr. Olobia, and Children's Medical Center filed motions to dismiss, plaintiffs filed motions to nonsuit their claims against those defendants. On October 24, 2013, at 11:21 a.m., plaintiffs' counsel filed a notice of nonsuit that nonsuited "their entire case" against Dr. Fliedner and Children's Medical Center without prejudice. And at 6:10 p.m. that day, less than twenty-four hours before the scheduled hearing on Dr. Fliedner's motion to dismiss, plaintiffs' counsel filed a separate lawsuit as counsel for Abigail against Dr. Fliedner and Children's Medical Center asserting claims that are identical to those raised in the instant lawsuit. This second suit, which was filed with Abigail as plaintiff, is governed by the amended version of section 74.351(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (effective September 1, 2013). Plaintiffs also moved to nonsuit their claims against Dr. Olobia with prejudice, which was granted by the trial court on November 16, 2012.

The trial court heard Dr. Fliedner's Chapter 74 motion to dismiss on October 25, 2013. At the October 25th hearing, plaintiffs' counsel conceded the claims of Amador and Olga Garza should be dismissed with prejudice, but he argued the court lost jurisdiction over Abigail Garza's claims when she reached the age of 18 on May 3, 2013, because her parents no longer had authority as next friends to prosecute the suit on Abigail's behalf. The trial court took the matter under advisement and allowed counsel for both parties to submit briefs on the issue.

On December 18, 2013, the trial court signed an order granting Dr. Fliedner's motion to dismiss stating that all claims brought by plaintiffs Amador and Olga Garza, individually and as next friends of Abigail Garza, against Dr. Fliedner were dismissed with prejudice. The order

acknowledged that Amador and Olga Garza had voluntarily dismissed their individual claims against Dr. Fliedner with prejudice in open court on October 25, 2013. The order also stated that Dr. Fliedner was "not seeking attorney's fees by his Motion to Dismiss." The order did not mention the claims against Children's Medical Center or plaintiffs' notice of nonsuit of their claims against Children Medical Center.

Dr. Fliedner and Children's Medical Center filed motions to transfer the second suit filed by Abigail to the instant trial court. The trial court granted the motions to transfer. There is, however, no indication in this record that the two cases were ever consolidated, and the second suit is not before us.

On January 13, 2014, a notice of appeal of the trial court's December 18, 2013 order was filed on behalf of Amador and Olga Garza. We dismissed their appeal for lack of jurisdiction, concluding the judgment remained interlocutory because plaintiffs' claims against Children's Medical Center and Dr. Olobia's pending request for attorneys' fees under section 74.351(b) had not been disposed of. *See Garza v. Fliedner*, No. 05–14–00043–CV, 2014 WL 3808915, at *2–3 (Tex. App.—Dallas Aug. 1, 2014, no pet.) (mem. op.).

On August 31, 2015, the trial court signed its final order. The order reaffirmed that on December 18, 2013, it signed an order granting Dr. Fliedner's motion to dismiss with prejudice, and that Dr. Fliedner withdrew his claims for attorney's fees. The court ordered, in part, that all of plaintiffs' claims against Dr. Olobia were dismissed with prejudice and that Dr. Olobia's affirmative relief claims for attorney's fees "were waived, denied, and are hereby dismissed." The order also stated that plaintiffs' claims against Children's Medical Center were dismissed without prejudice and that Children's Medical Center's affirmative relief claims for attorney's fees pursuant to its motion to dismiss "were voluntarily waived and are hereby dismissed."

On September 3, 2015, plaintiffs' counsel filed a notice of appeal of the trial court's

–4–

December 18, 2013 and August 31, 2015 orders on behalf of Amador Garza and Olga Garza. Abigail Garza did not file a notice of appeal.

**DISCUSSION**

In their only issue, appellants argue the trial court erred by issuing its December 18, 2013 order granting Dr. Fliedner's motion to dismiss. Appellants' argument is that the motion to dismiss did not and could not involve claims by or on behalf of Abigail because she took control of those claims when she reached the age of eighteen on May 3, 2013—filing them in a separate lawsuit distinct from the claims being asserted by her parents Amador and Olga Garza. Moreover, since the parents nonsuited their individual claims on October 24, 2013, the Chapter 74 motion to dismiss was rendered moot and the trial court's order granting the motion to dismiss was entered without jurisdiction over Abigail's claims and, thus, void. Appellee has filed a motion to dismiss appeal arguing that because Abigail was an adult at the time Amador and Olga Garza filed their September 3, 2015 notice of appeal, they lack standing to pursue this appeal.

Even if not raised by the parties, we are required to review issues affecting our jurisdiction over an appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Standing is a component of subject-matter jurisdiction. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Standing refers to a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex. 1996); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.). It is well established that parties on appeal may not complain of errors that do not injuriously affect them or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150–51 (Tex. 1982)); *In re D.C.*, 128

S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.); *In re H.R.S.*, No. 04–05–00051–CV, 2015 WL 3615869, at *1 (Tex. App.—San Antonio June 10, 2015, no pet.) (mem. op.). "[A]n appeal filed by an improper party must be dismissed." *Naylor*, 466 S.W.3d at 787;

In Texas, minors lack the capacity to bring a legal claim and claims belonging to them must be asserted through a legal guardian, a next friend, or guardian ad litem. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Kaplan v. Kaplan*, 373 S.W.2d 271, 273 (Tex. Civ. App.—Houston 1963, no writ). But the authority of a next friend to act on a minor's behalf expires when the minor reaches the age of majority. *See Kaplan*, 373 S.W.2d at 275; *Spell v. William Cameron & Co.*, 131 S.W. 637, 638 (Tex. Civ. App. 1910, writ ref'd); 1A TEX. JUR. 3d *Actions* § 163 (2016). The age of majority in Texas is eighteen years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 129.001. When the minor reaches majority, the suit does not abate but may proceed in the name of the minor at the minor's election. *See Kaplan*, 373 S.W.2d at 275; *Spell*, 131 S.W. at 638; 1A TEX. JUR. 3d *Actions* § 163. The record, however, should show the suit is prosecuted by the plaintiff herself, and it is proper to strike out the name of the next friend. *See Kaplan*, 373 S.W.2d at 275; *Spell*, 131 S.W. at 638; 1A TEX. JUR. 3d *Actions* § 163. An election can be inferred from conduct showing the former minor recognized the later prosecution of the action for the former minor's benefit, such as knowingly allowing the action to be carried on in the former minor's name or in the name of the next friend. *See* 43 C.J.S. Infants § 437 (2016) (citing *Flippo v. Pope*, 834 So. 2d 83, 87 (Ala. 2002)).

We agree Amador and Olga Garza have no standing to complain of any error concerning the trial court's orders of dismissal. They nonsuited their individual claims[2] and Abigail has not appealed the trial court's orders dismissing plaintiffs' claims against Dr. Fliedner. There is also

---

[2] The nonsuit would not affect a pending claim for affirmative relief or motion for attorney's fees or sanctions, but Dr. Fleidner elected not to seek attorney's fees by his motion to dismiss. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011).

no question Abigail was an adult on September 3, 2015, when Amador and Olga Garza filed their notice of appeal. To the extent Abigail had any claims that survived the nonsuit, she was required to file a notice of appeal and assert that complaint herself. Therefore, because Abigail is no longer a minor and Amador and Olga Garza nonsuited their individual claims and cannot show any harm to them, they lack standing to complain of the trial court's actions. *See Kaplan*, 373 S.W.2d at 275; *Spell*, 131 S.W. at 638; *Humeniuk v. Texas Health Resources*, No. 05–08–00912–CV, 2010 WL 1136499, at *2 (Tex. App.—Dallas Mar. 26, 2010, no pet.) (mem. op.).

One additional question we must address concerns the motion to intervene filed by Abigail Garza, in which she argues that she is entitled to intervene in this appeal based on the doctrine of virtual representation. The doctrine of virtual representation is typically invoked to allow a person to assert an interest on appeal from a judgment to which he or she was not a named party in order to vindicate important rights. *See, e.g., In re Estate of Jones*, No. 05–15–00334–CV, 2016 WL 1251476, at *3 (Tex. App.—Dallas March 18, 2016, no pet.) (citing *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding)). But Abigail was neither an unnamed party nor a third party to the proceedings in the trial court—she was the real party plaintiff and was before the trial court as though she had sued in her own name. *See Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) ("In a suit by a 'next friend,' the real party plaintiff is the child and not the next friend."); *Zachry v. Robertson*, 214 S.W.2d 949, 952 (Tex. 1948) (real party in interest is before the court as if he was sued in his own name, and that individual has submitted himself to the jurisdiction of the trial court); *Fling v. Steed*, No. 07–99–0450–CV, 2001 WL 238982, at *5 (Tex. App.—Amarillo Mar. 12, 2001, pet. denied) (mem. op.) (individuals that sue through next friends are parties to the lawsuit).

One of the benchmark requirements of virtual representation is that the intervenor was not a named party in the underlying lawsuit on appeal. *See In re Lumbermens*, 184 S.W.3d at

723 ("Generally, only parties of record may appeal a trial court's judgment. On a few occasions, though, we have determined that a person or entity who was not a named party in the trial court may pursue an appeal in order to vindicate important rights") (citing *Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex. 1999)); *see also Naylor*, 466 S.W.3d at 789. Abigail's invocation of the doctrine of virtual representation does not serve the doctrine's equitable purpose, which is to establish standing to appeal a judgment where a *non-party* seeks to assert an important right and would otherwise lack the ability to appeal. *See, e.g., Naylor*, 330 S.W.3d at 439–44 (State attempting to appeal a divorce decree dissolving a same-sex marriage); *In re Lumbermens*, 184 S.W.3d at 722 (insurer posted supersedeas bond and sought leave to intervene on appeal to preserve choice-of-law issue that insured abandoned); *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 752 (Tex. 2003) (unnamed class members who had contested the fairness of a proposed settlement and attempted to opt out of a class action were entitled to appeal the settlement); *Motor Vehicle Bd.*, 1 S.W.3d at 108–09 (virtual-representation doctrine allowed State to intervene on appeal and challenge trial court's judgment holding provisions of Transportation Code unconstitutional and enjoining enforcement of those provisions).

The record shows Abigail did not file a notice of appeal or seek an extension of time to file a notice of appeal, and that she waited until February 24, 2016, nearly six months after the trial court's August 31, 2015 final order, to file the motion to intervene. No issue has been raised regarding notice of the trial court's December 18, 2013 and August 31, 2015 orders, nor is it alleged that Abigail, now an adult, is still subject to a legal disability. "'Virtual representation is best understood as an equitable theory rather than as a crisp rule with sharp corners and clear factual predicates . . . such that a party's status as a virtual representative of a nonparty must be determined on a case-by-case basis.'" *In re Lumbermens*, 184 S.W.3d at 725 (quoting *Gonzalez*

*v. Banco Cent. Corp.*, 27 F.3d 751, 761 (1st Cir. 1994)). A fundamental principle of equity is that the party seeking equity must act in a timely manner, not sit on their rights. As the Supreme Court held in the context of civil rights limitations periods, "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Abigail has not shown that she is entitled to intervene in this appeal under the doctrine of virtual representation.

In reaching this conclusion, we necessarily reject Abigail's contention that there was an automatic loss of standing and, thus, jurisdiction over her claims when she reached the age of majority. Cases cited by appellants show that parents lose the authority to act on their minor child's behalf as next friends once the minor turns 18 years of age. *See, e.g., Kaplan*, 373 S.W.2d at 275. But these cases do not hold that a trial court experiences a sudden loss of jurisdiction over the claims of a minor who is represented by a next friend when that minor reaches the age of eighteen, nor has our own research found such a case.[3] Furthermore, to the extent Abigail had any claims that survived the nonsuit—subsequently dismissed by the trial court's order granting the Chapter 74 motion to dismiss—she was still required to file a notice of

---

[3] While there is acknowledgement of the general rule, cited above, that a next friend's authority to act in a representative capacity expires when the minor attains capacity by reaching the age of majority, in none of the cases we have examined did the court hold there was an automatic loss of jurisdiction over a minor's claims when that minor reaches the age of majority during the pendency of the litigation. *See, e.g., In re Ortman*, No. 14–07–01022–CV, 2009 WL 2004353, at *1 (Tex. App.—Houston [14th Dist.] Jul. 9, 2009, no pet.) (mem. op.) (dismissing appeal because daughter was 17 years of age when mother appealed dismissal of application for protective order and, under statute, parent lost ability to seek protective order on behalf of child when child reached age of 17); *In re Bailey*, No. 2–05–383–CV, 2006 WL 1174224, at *3 (Tex. App.—Fort Worth May 4, 2006, no pet.) (rejecting argument that mother was entitled to proceeds from lawsuit settlement because her authority as next friend terminated upon her decedent son's eighteenth birthday); *Ginn v. Texas Farmers Ins. Co*, No. 03–96–00264–CV, 1998 WL 717120, *2 (Tex. App.—Austin, Oct. 15, 1998, no pet.) (not designated for publication) (noting as part of procedural history of case that son had joined his mother as a party to suit and adopted the pleadings after he reached age of majority); *Wilkinson v. Wilkinson*, No. 01–96–00219–CV, 1998 WL 175885, at *1 (Tex. App.—Houston [1st Dist.] Apr. 2, 1998, no writ) (opinion on rehearing) (not designated for publication) (dismissing appeal because mother no longer had ability to seek accounting for her son, who turned 18 years of age while appeal was pending); *A.G. v. Leander Indep. Sch. Dist.*, No. A–09–CA–057 LY, 2009 WL 3350148, at *3 (W.D. Tex. Oct. 14, 2009) (concluding that since minor who was subject of suit had reached age of majority during pendency of litigation, court would allow minor to substitute in as plaintiff rather than grant defendant's motion to dismiss); *Valadez v. United Indep. Sch. Dist.*, Civil Action No. L–08–22, 2008 WL 4200092, at *2 (S.D. Tex. Sept. 10, 2008) (since minor had turned 18 and authority of next friend expires when minor reaches age of majority, court ordered plaintiff's attorney to confer with minor and either file amended complaint substituting minor into suit or explain why claims should not be dismissed); *Gonzales v. U.S.*, Civil Action Nos. B–06–169, B–06–186, 2007 WL 1729657, at *2 (S.D. Tex. June 13, 2007) (denying plaintiff's motion for leave to file amended complaint because, in part, statements in amended complaint continued to identify parent as next friend of minor who had reached the age of majority while simultaneously asserting minor's individual capacity); *Oliver v. Dallas Indep. Sch. Dist.*, No. 3:01–CV–2627–N, 2003 WL 22272304, at *3 (N.D. Tex. Sept. 29, 2003) (dismissing mother's claims because she had neither standing to sue for her adult daughter nor an individual right to recover under federal statutes); *In re Gold*, 375 B.R. 316, 326 n. 9 (N.D. Tex. 2007) (noting that service on mother through her former counsel on behalf of her son would be ineffective to provide notice because son had attained age of majority and next friend's authority to act in representative capacity expires when minor reaches age of majority).

appeal and assert that complaint herself. Yet, she did not file a notice of appeal or seek an extension of the time in which to file one. Accordingly, we deny Abigail's motion to intervene.

For the foregoing reasons, we grant appellee's motion to dismiss appeal and dismiss this appeal for lack of jurisdiction. We deny the motion to intervene. We deny appellee's motion to strike Abigail Garza's motion to intervene as moot.

151067F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMADOR GARZA AND OLGA GARZA, INDIVIDUALLY, AND AS NEXT FRIENDS OF A.G., A MINOR, Appellants

No. 05-15-01067-CV    V.

DANE R. FLIEDNER, M.D., Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-12-03722-B.
Opinion delivered by Justice Myers. Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for lack of jurisdiction. It is **ORDERED** that appellee DANE R. FLIEDNER, M.D., recover his costs of this appeal from appellants AMADOR GARZA AND OLGA GARZA.

Judgment entered this 27th day of December, 2016.